Argued September 30, affirmed October 17, 1963

# STATE OF OREGON *v.* STULTZ
### 385 P. 2d 763

*Leo Levenson,* Portland, argued the cause for appellant. With him on the briefs was Morris Zipper, Portland.

*Lewis B. Hampton,* Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, SLOAN, O'CONNELL, GOODWIN and DENECKE, Justices.

GOODWIN, J.

Defendant was convicted of the crime of sodomy and appeals.

The only assignment of error challenges the conviction on the ground that the defendant was denied a constitutional right when the trial court refused to order the state to bring the complaining witness into the courtroom during the examination of prospective jurors.

When the case was called for trial, both the state and the defendant had announced "ready." The defendant was accused in two indictments (consolidated for trial) charging him with violent acts of sexual abuse of a girl. (He was convicted on the charge of sodomy and acquitted on the charge of rape.) The girl was identified during the *voir dire* proceedings by her name and address. The state was holding her available in the courthouse, but elected not to put her on display before the assembled prospective jurors, twelve of whom eventually were to try the case.

This appeal properly could be disposed of upon the ground that the record before this court does not support the allegations made in the assignment of error. The record discloses that the defendant moved to dismiss the indictment when it appeared that the complaining witness was not in the courtroom at the time the first juror was to be called for examination on *voir dire*. We know of no authority for the proposition that an indictment may be dismissed because of the failure of the state to have one or more of its

witnesses (or some of its other evidence) in the court-room while a jury is being drawn. On oral argument the defendant virtually conceded that the motion to dismiss was not well taken. He contends now, however, that this court should construe his motion to dismiss as if it had been a timely motion addressed to the discretion of the trial court in aid of his examination of jurors on *voir dire*. While the record wholly fails to support such a proposition, we will treat the defendant's motion as if it had properly called upon the trial judge to exercise his discretionary authority over the courtroom proceedings in the manner now contended for by the defendant.

The defendant contends that he was hindered and embarrassed in the examination of prospective jurors, and ultimately in the exercise of his challenges, because he could not point to the girl in the courtroom and ask each juror whether or not he knew the girl. The record, however, is barren of any fact from which an inference of prejudice can be extracted. The defendant was permitted to examine prospective jurors in detail and at length. No juror acquainted with the girl in the case at bar could have failed to disclose that fact unless the juror himself was guilty of misconduct. There is no reason to speculate that any juror was. The burden of proving prejudice in the selection of jurors is upon the party asserting prejudice. See *Anderson v. Gladden,* 234 Or 614, 383 P2d 986 (1963).

The right to trial by jury, guaranteed by Oregon Constitution, Art. I, § 11, requires a fair and impartial jury. Obviously, any act by the state, or by the trial court without inducement by the state, which would hinder the defendant in the exercise of his challenges could result in an impairment of a protected right.

Likewise, any effort by the prosecution to "stack" the jury against the accused would, if proven, be a ground for relief. See *Anderson v. Gladden,* supra. However, there is no presumption of prejudice, but on the contrary there is a presumption that the law has been obeyed and that official duty has been regularly performed. ORS 41.360 (33), (15). Only by indulging in the most whimsical speculation could this court draw an inference that the defendant in the case at bar was prejudiced in any way by the refusal of the trial court (if there was such a refusal) to require the state to seat one of its witnesses in the well of the court during the preliminary proceedings and the drawing of jurors. A refusal by a trial court to grant a timely request for assistance during the proceedings on *voir dire* might, in some circumstances, be an abuse of discretion, but the scope of discretion in this area need not be explored until such a case is presented.

There is likewise in this case no violation of the constitutional right of confrontation. Granting the full force of Oregon Constitution, Art. I, § 11, which gives the accused in all criminal prosecutions the right to meet the witnesses face to face, the defendant's right of confrontation was preserved at all times during the trial. The complaining witness testified and was cross-examined. That is what the constitution requires. *State v. Belding,* 43 Or 95, 99, 71 P 330 (1903).

Affirmed.