Argued March 17, affirmed May 28, petition for rehearing
denied June 23, 1970. Petition for review denied by
Supreme Court July 28, 1970

STATE OF OREGON, *Respondent, v.*
NELDA SANDS, *Appellant.*

469 P2d 795

*Charles V. Elliott*, Portland, argued the cause for appellant. With him on the brief were Elliott & Davis, Portland.

*Doyle L. Schiffman*, District Attorney, Roseburg, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and FORT and BRANCHFIELD, Judges.

FORT, J.

Defendant was indicted, tried by jury and convicted of the crime of larceny of livestock (ORS 164.380), and by sentence committed to the Corrections Division for a term of three years. She appeals, asserting seven assignments of error.

Five of the seven arise because the defendant represented herself at the trial. A sixth asserts error in denying to defendant trial before an impartial jury, and a seventh claims the sentence imposed constituted cruel and unusual punishment.

We note at the outset that we are seriously handicapped in our consideration of this case by the inadequacy of the respondent's brief. It cites us to no authority, case or statutory, in support of the state's position on any matter.

We now turn to a consideration of the errors allegedly arising from the fact the defendant represented herself at the trial. At the time of arraignment, plea and the original setting of the case for trial, defendant was represented by private counsel. Two weeks before the trial date these attorneys filed their notice of withdrawal. The court on its own motion promptly issued an order to the defendant directing

her to appear. She did so, and requested a court-appointed attorney. The court conducted a careful inquiry into her financial condition, concluded that she was not an indigent person, and accordingly refused to appoint an attorney for her. She was directed to secure an attorney of her own choosing. The judge removed the case from the trial calendar, set it over for trial to a date slightly more than two months later, and duly notified the defendant thereof by certified mail. She was orally notified by the court at that hearing as follows:

> "THE COURT: * * * Now, you are going to go to trial at that time with an attorney of your own choosing. As far as an attorney is concerned, I can't appoint you an attorney, not when you have assets like that. It is a question of whether the county pays for it or you pay for it. If you have the means, then you have to pay for it. I can't require the county to do that. * * *
>
> "* * * * *
>
> "THE COURT: * * * As far as the attorney is concerned, if you want an attorney, you have one of your own and ready to go to trial * * *. Now, you go to trial with or without an attorney. That is up to you. You have the means so you have to provide your own. Be ready. * * *"

Two weeks prior to the trial date of April 23 the court directed the district attorney to send a deputy sheriff to defendant's home to inquire if she had secured an attorney. This resulted in word from defendant's adult son that his mother "had an attorney and that he preferred to remain anonymous."

No attorney, however, notified the court that he represented the defendant. On April 19, C. V. Elliott, an attorney who now represents the defendant on this

appeal, telephoned the district attorney at Roseburg to say he had been contacted some time before by the defendant but that she had been unable to make necessary financial arrangements and that he could not in any event appear on the trial date because of a conflicting trial elsewhere.

Neither Mr. Elliott nor any other attorney contacted the court at all and no appearance of any kind was made by him. Mr. Elliott on this appeal does not contend that he represented the defendant at any time prior to or during the trial. We assume that he did not.

■ We note that no request for any continuance was filed by the defendant or anyone on her behalf prior to the trial date. It was not until the case was called for trial that the defendant so advised the court. At the February hearing the court had carefully and thoroughly told the defendant that barring illness she must be ready for trial on the April trial date. "The trial court's ruling on a motion for postponement will not be disturbed on appeal save for manifest abuse of discretion." *State v. Leland*, 190 Or 598, 607, 227 P2d 785 (1951), aff'd 343 US 790, reh den 344 US 848 (1952). There was no abuse of discretion here.

Defendant now contends that she was an indigent person within the meaning of ORS 133.625, thus entitling her to a court-appointed attorney. We note she filed no affidavit as required under ORS 133.625(1)(c). It is uncontradicted that the defendant and her husband owned and lived with their two children on an 83-acre ranch having a value, according to the defendant, in the neighborhood of $50,000. The husband was regularly employed by Douglas County at a salary of $625 a month. The defendant had been employed at previous times but was not at the time in question.

Defendant and her husband owned, unencumbered so far as the record shows, about 15 head of livestock and some miscellaneous farming equipment and vehicles, the latter of limited value. The ranch was encumbered by a mortgage of approximately $10,000 incurred in the construction of a substantial modern residence built by defendant and her husband a few years before. Despite the absence of the required affidavit, the foregoing information was carefully elicited from the defendant by the court on its own initiative at the February hearing.

ORS 133.625(1)(d) requires:

"(1) Suitable counsel for a defendant shall be appointed by a circuit court if:

"* * * * *

"(d) It appears to the court that the defendant is without means and is unable to obtain counsel."

■ On the basis of the foregoing the trial court found the defendant was not eligible to have appointed counsel. It entered a written order to that effect at the conclusion of the February hearing. No new evidence reflecting a different situation appeared at the time of trial. Indeed the husband himself then testified that he was regularly employed as a bridge foreman by the county and that he and the defendant owned and operated the ranch together. We think it was a question for the trial court to decide from the evidence. We cannot say that the court abused its discretion when it concluded that the defendant was not an indigent person within the meaning of ORS 133.625, under the rule of *State v. Rutherford*, 1 Or App 599, 465 P2d 243, *review denied* (1970).

■ As a part of her contention concerning indigency, defendant urges that since she was not able to raise in

cash the $3,000 fee required by Mr. Elliott prior to the trial, an attorney should have been appointed for her. The record shows that on April 8 Mr. Elliott wrote the defendant requiring a $1,500 retainer before he would come to Roseburg and a further $1,500 before the trial. At the time of trial she had apparently paid neither. She made no showing that she was unable to secure the services of other counsel willing to represent her for a lesser fee or upon different terms. Indeed she acknowledged she had made no effort to do so. Her contention that because the particular attorney she had contacted was unwilling to accept employment on any basis other than cash in advance of trial for his full fee of $3,000 and that as a result she was indigent within the meaning of ORS 133.625 on the day of the trial is without merit. Were this contention sound any defendant could postpone the day of reckoning by seeking counsel who would require more cash in advance than the client had in the bank.

The claim that the trial court abused its discretion in not appointing counsel on the day of trial is without merit.

■ The third related assignment is that she was denied equal protection by the refusal of the court to grant her the opportunity to have counsel. There is, for the reasons already stated, no merit to this contention. The court gave her one continuance of two months, determined that she was not indigent, and told her most explicitly that her case would be tried on the date set and that she must be there with her attorney if she chose to employ one.

■ The defendant next contends error was committed because the court did not advise the defendant

she need not take the stand. In his brief, her counsel quotes from the transcript:

"COURT: Anything else, Mrs. Sands?

"MRS. SANDS: No there isn't. *I am going to ask you: Do I have and do my sons have to take the stand without counsel?*

"COURT: *Well, it isn't my place to advise you. If the question comes up I will rule on it but I am not going to rule on it in advance, Mrs. Sands.*" (Italics in brief.)

This exchange took place before the trial began. The brief of the defendant then continues:

"Nor did the court fulfill a duty to defendant by advising her at time she was to testify that she need not take the stand and, if she did so, she was doing so of her own election. Mrs. Sands took the stand without a single word of admonition nor a word of advice as to her right to remain silent in this felony prosecution. She proceeded to testify and was subjected to cross-examination by the District Attorney.

"The court had previously stated to defendant that he would advise her 'if the question comes up' but when the time arrived he did not do it. He left her to her own resources."

An examination of the record in this case shows the following:

"MR. LOVELAND: Your Honor, the State rests.

"THE COURT: Well, I will have to take a recess here. The jury will abide by the admonition I have given you previously. Please go to the jury-room with the Bailiff. (The jury left the court-room.) Mrs. Sands, I can't advise you what you should or shouldn't do and I can't act as your counsel in this matter. As a matter of fact, you must be treated and restricted the same way as if you had an attorney because I can't discriminate

against a party who has one as against a party who doesn't have one. But I want to tell you this. Now you may make that opening statement if you wish to make one or you may not make it if you wish not to make it. The opening statement is that you can tell the jury what you expect to prove, that is, what you expect your proof to be if you wish to put on some proof. You may take the stand in your own behalf but you are not required to. Whether you do or not is entirely up to you and you decide that voluntarily. If you do take the stand, then the jury is entitled to consider your testimony along with all the rest and I instruct them that they may do so and that they are entitled to consider—as a witness, they are entitled to consider your testimony and that you are the defendant in the case. If you elect not to take the stand, you have the right to do that because you have no burden of proof; the burden of proof is on the State. And if you elect not to take the stand, I will instruct the jury that the State has the burden of showing guilt; you don't have to prove or disprove anything and that they may not deduct or infer anything from the fact that you did not take the stand. Whether you do or do not take the stand, you are entitled—or whether you do or do not make any statement to the jury of what your proof will be and you may call witnesses to testify on your behalf insofar as you desire to do so. We are within fifteen minutes before 5:00 o'clock. If you didn't wish to commence tonight, I would recess until tomorrow. * * *"

The court then recessed in conformity with the defendant's request. The following morning before the jury was brought into the courtroom, extensive discussion took place between the court and the defendant concerning the relevance and admissibility of certain evidence she wished to offer. At its conclusion the court stated:

"THE COURT: I understand what you are

saying here. Let's go on with the trial. I will repeat what I said last night. You may present evidence or not, as you please. You may go on the witness stand; you may call witnesses relevant to the issue involved here. You may take the stand, or not, as you please, and I instruct the jury, as I indicated yesterday, if you take the stand, I instruct them that they consider your testimony along with the rest of the evidence and they are entitled to consider your interest in the outcome of the case. If you don't take the stand, I instruct them this is your right. You don't have to prove or disprove anything and that they are not to infer anything from the fact that you did not take the stand because the burden is on the State and not on you."

We note that neither counsel in either brief nor in either oral argument called the attention of this court to the above quoted portions of the transcript. It is obvious therefrom the statements quoted from appellant's brief were wrong. The court in fact did what the brief flatly states it did not do. The assignment of error is without merit.

■ A companion error assigned is that the court should have affirmatively informed the defendant "of her opportunity to submit requested instructions." No claim is now made that the instructions given were either erroneous or lacking in any particular. Thus no prejudice could have resulted. The assignment is without merit. *State v. Gibbons*, 228 Or 238, 364 P2d 611 (1961).

■ The next assignment of error is that the court denied "to defendant the right to trial by an impartial jury." If we correctly understand appellant's claim, it is that the court swore the jury before allowing the defendant three of the peremptory challenges allowed her by law. The record shows:

"(After prospective jurors were examined by

Mr. Loveland and Mrs. Sands and several peremptory challenges, the following proceedings were had:)

"THE COURT: You have one peremptory challenge left.

"MR. LOVELAND: I do not wish to use it.

"THE COURT: Mrs. Sands has none. The jury will rise and be sworn. (Jury sworn.) The remaining members of the jury panel are excused until 9:45 next Thursday. You are free to go or stay, as you please.

"MR. LOVELAND: Your Honor, could I request a hearing in chambers with the defendant before the rest of the jurors are excused.

"THE COURT: Just a minute. Will you wait for just a minute, please. (Speaking to remainder of jury panel.) This is, in effect, going to be a little recess. * * *

"(The following transpired in chambers before Judge Sanders, with both Mrs. Sands and Mr. Loveland being present:)

"MR. LOVELAND: It occurs perhaps Mrs. Sands has more peremptories.

"THE COURT: She does. She has three more. You are right. I am in error. So you can be thinking about it. You will have three more peremptory challenges. (Speaking to Mrs. Sands.) He has passed on a peremptory. That means he waived everybody in the jury box. The only one he would be entitled to exercise a peremptory challenge to is any new juror who comes in but you haven't passed any so you have more peremptories.

"(The following took place in the courtroom then:)

"THE COURT: (To Mrs. Sands) You may excuse anyone in the jury box for any reason satisfactory to you and you don't have to give any reasons.

"(Mrs. Sands exercised three more peremptory challenges.)

"THE COURT: Your peremptory?

"MR. LOVELAND: I have none, Your Honor.

"THE COURT: Now, we will swear the jury."

The court thus immediately corrected its acknowledged error. Mrs. Sands exercised all her peremptories. No prejudice occurred. The assignment therefore is without merit. *State v. Stultz*, 235 Or 534, 385 P2d 763 (1963); *State v. McLean*, 89 Adv Sh 315, 1 Or App 147, 459 P2d 559 (1969), aff'd 90 Adv Sh 1035, — Or —, 468 P2d 521 (1970).

■ Finally, appellant contends the imposition of a three-year sentence constituted cruel and inhuman treatment and thus violates the Eighth Amendment. ORS 164.380 provides for a maximum term of ten years. We note parenthetically that the defendant's prior conviction for petty larceny, referred to in neither brief, was affirmed in November 1967 by the Supreme Court.

This offense was committed in October 1967 while her former conviction for larceny was on appeal. *State v. Sands*, 248 Or 213, 433 P2d 256 (1967). Quite apart from that, it is hornbook law that the trial court normally has authority to impose any sentence within the statute. The assignment is palpably without merit.

The judgment is affirmed.