Argued September 22, affirmed November 2, petition for rehearing denied December 1, petition for review denied December 15, 1970

In the Matter of Paul Steffen Zorner, a child.

## STATE OF OREGON, *Respondent, v.*
## PAUL STEFFEN ZORNER, *Appellant.*

475 P2d 990

*N. Robert Stoll*, Portland, argued the cause and filed the brief for appellant.

*Thomas H. Denney*, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

SCHWAB, C. J.

This is a juvenile case. A petition was filed in juvenile court on May 16, 1969, charging Paul

Zorner, then 14 years of age, with willfully setting fire to the home in which he lived. Counsel was appointed on June 9, and a hearing before the juvenile court was set for June 23. On June 17, the juvenile's counsel moved for a continuance beyond June 23. The motion was denied, as was a motion for a jury trial, and the hearing took place on June 23, and June 30, before the juvenile judge. On October 15, 1969, the court entered its "Order and Disposition," stating in pertinent part:

"3. The above-named child [Paul Steffen Zorner] is within the jurisdiction of the Court by reason of the following facts:

"From the evidence presented at the hearing held on the 23rd day of June, 1969, said child was found to have set fire to a dwelling,

"*  *  *  *  *

"NOW THEREFORE IT IS HEREBY ORDERED AND ADJUDGED:

"*  *  *  *  *

"2. THAT the above-entitled matter be continued for a period of six months at which time this will come on for review, and

"3. IT IS FURTHER ORDERED that Paul Steffen Zorner and his mother, Harriet Grace Zorner obtain independent counseling through the efforts of their attorney  *  *  *."

From this order the juvenile appeals,[1] assigning as error (1) the court's denial of the motion for a con-

---

[1] On May 1, 1970, the court entered an order terminating jurisdiction. ORS 419.561 (1) states:

"Any person whose rights or duties are adversely affected by a *final order* of the juvenile court may appeal therefrom *  *  *." (Emphasis supplied.)

There may be some question as to whether the order appealed from, the order of October 15, was, in fact, a final and, thus, an appealable order. See Logsdon v. State and Dell, 234 Or 66, 380 P2d 111 (1963). But see State v. Gates, 230 Or 84, 368 P2d 605 (1962). Here the state does not challenge the finality of the order appealed from, and we do not consider that question.

tinuance, (2) the court's denial of defendant's demand for a jury trial, (3) the court's exercise of jurisdiction over the defendant under a statute requiring only "a preponderance of the evidence," and (4) insufficiency of the evidence to support the finding that the defendant committed arson.

■ The juvenile's attorney filed a motion for continuance eight days after he was appointed and six days before the scheduled hearing. The accompanying affidavit stated as grounds for the continuance that: (1) a number of witnesses had to be interviewed; (2) he had to acquaint himself with the fire and the procedures of fire investigation; and (3) the defendant was attending a music workshop in another city and would not return until about a day before the hearing. No formal ruling was made by the court, but at the hearing, and in answer to the court's question of whether the defendant was ready to proceed, the defendant's attorney answered in the affirmative. After the state had rested, the court did grant the defendant a one-week continuance to present his case. The granting of a continuance is within the sound discretion of the trial court, and will not be disturbed unless there is an abuse of discretion and prejudice to the defendant. *State v. Young,* 1 Or App 562, 463 P2d 374, Sup Ct *review denied* (1970), and *State v. Sands,* 2 Or App 575, 469 P2d 795, Sup Ct *review denied* (1970).

■ The juvenile and his attorney had conferred prior to the June 17 request. Counsel had available to him a complete file concerning the occurrence. *State v. Young,* supra, states that in seeking a continuance a defendant should demonstrate the problems confronting him were different from those expected in any criminal case. He did not do so here.

■ In *State v. Turner,* 253 Or 235, 453 P2d 910

(1969), the defendant, on the basis of *Bloom v. Illinois,* 391 US 194, 88 S Ct 1477, 20 L Ed 2d 522 (1968), *Duncan v. Louisiana,* 391 US 145, 88 S Ct 1444, 20 L Ed 2d 491 (1968), and *In re Gault,* 387 US 1, 87 S Ct 1428, 18 L Ed 2d 527 (1967), challenged the constitutionality of ORS 419.498 (1), which denies a juvenile the right to trial by jury in a delinquency hearing. The Oregon Supreme Court, in deciding against the defendant's position, stated:

"* * * A majority of this court has concluded that the statute should be considered constitutional until the United States Supreme Court holds otherwise." *State v. Turner,* supra, at 364.

■ ORS 419.500 (1) allows a finding of jurisdiction over a juvenile by a preponderance of the evidence. *State v. Arenas,* 253 Or 215, 453 P2d 915 (1969), upheld the constitutionality of this statute. *In the Matter of Winship,* 397 US 358, 90 S Ct 1068, 25 L Ed 2d 368 (1970), held that a finding of guilt in a juvenile case must be beyond a reasonable doubt. Here, the trial judge recognized and applied the *Winship* standard. In an order entered on September 10, after the hearing was concluded, but prior to the order appealed from, he said that he found from the evidence:

"* * * [B]eyond a reasonable doubt, that the child * * * did wilfully set fire to the residence * * *."

■ The remaining question is whether the evidence demonstrates that "beyond a reasonable doubt" the defendant set fire to his dwelling. Assuming that ORS 419.561 (4)[2] requires us to try this matter de novo on

---

[2] ORS 419.561 (4) provides:

"An appeal to the Court of Appeals shall be conducted in the same manner as an appeal in an equity suit and shall be

the record, we conclude that the trial judge's finding was correct. This issue turns largely on the credibility of witnesses, particularly the credibility of the defendant, and for this reason we give great weight to the trial judge's finding. *Hannan v. Good Samaritan Hospital*, 4 Or App 178, 471 P2d 831, 476 P2d 931 (1970), Sup Ct *review denied* (1971).

> "Both the criminal agency in the origin of the fire and the identification of the accused as the one who committed the crime charged may be established by circumstantial evidence * * *." *State v. Director*, 113 Or 74, 84, 227 P 298, 231 P 191 (1924).

■ The evidence is that the fire was of incendiary origin, and that it started inside the Zorner residence. The juvenile admits he was in the residence when the fire started. It is clear from the record as a whole that he was the only person inside the residence at the time. His hair was singed. At the trial he suggested that the fire could have been started by someone throwing something through the living room window. In an attempt to argue that hypothesis to the court, the defendant refers in his brief to the traffic on the road adjacent to the Zorner residence and to the presence of a state's witness in the Zorner front yard a few minutes before the fire started. However, this conjecture is clearly refuted by the expert testimony that the fire had two distinct points of origin; one in the living room and one in the dining room.

Affirmed.

---

advanced on the court's docket in the same manner as appeals in criminal cases."