Argued November 1, reversed November 26, 1971

In the Matter of Slawson, Lee Ann, a Child

## STATE EX REL JUVENILE DEPARTMENT OF MULTNOMAH COUNTY, *Respondent, v.* SLAWSON et ux (No. 39,747-A) *Appellants.*

490 P2d 1022

*Joseph C. Morehead,* Legal Aid Service, Portland, argued the cause for appellants. With him on the briefs was H. Jay Folberg, Legal Aid Service, Portland.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

SCHWAB, C. J.

This appeal is from an order in a juvenile proceeding finding that Lee Ann Slawson, aged 15, was within the jurisdiction of the court by virtue of grounds contained in ORS 419.476(1)(b) which states:

"The juvenile court has exclusive original jurisdiction in any case involving a person who is under 18 years of age and:

"Who is beyond the control of his parents, guardian or other person having his custody * * *."

The proceeding was initiated by the filing of the following petition:[1]

"The child is within the jurisdiction of the Court by reason of the following facts:

"* * * [She] is beyond parental control, to wit:

"A. For the past three months the minor has been living away from home with the knowledge of the mother.

"B. Lee Ann Slawson uses dangerous drugs.

"C. The child resides in a residence where

---

[1] A second petition was filed at the same time that stated:

"* * * [Lee Ann Slawson] is within the jurisdiction of the Court by reason of the following facts:

"* * * [She] has committed an act which is a violation of the law or if committed by an adult would constitute a violation of the laws of the City of Portland, to wit: Illegal Possession of Explosives, committed as follows:

"On or about August 28, 1970 in the City of Portland, State of Oregon, Lee Ann Slawson had in her possession at 3436 S.W. 1st Street, explosive devices."

This petition was dismissed during the juvenile court hearing at the motion of the state, and is not in any way involved in this appeal.

large quantities of firearms and explosives were seized on August 28, 1970."

At the hearing before the juvenile court, no evidence was produced that the child used dangerous drugs and this allegation was dismissed by the court. Also, there was no evidence to support the contention that the child lived away from home for any period of time, so we assume this allegation was implicitly abandoned by the state or rejected by the court.

At the conclusion of the hearing in the juvenile court, the trial judge, on his own motion, amended the third subsection of the petition to read: "* * * the child frequents a residence where large amounts of firearms and explosives were seized."[2] The trial judge then found that a preponderance of the evidence supported the allegation of the amended petition, and concluded that Lee Ann Slawson was therefore within the jurisdiction of the juvenile court by reason of being beyond parental control.

The parties have devoted substantial attention to the question of whether the correct standard of proof the juvenile court should have applied is the preponderance-of-evidence standard or the beyond-reasonable-doubt standard. The statute in effect at the time of the juvenile court hearing stated:

> "The facts alleged in the petition showing the child to be within the jurisdiction of the court as provided in subsection (1) of ORS 419.476, unless admitted, must be established by a preponderance of competent evidence * * *." ORS 419.500(1).

The Oregon Supreme Court held this statute to be

---

[2] Although it is here argued that the act of amending the juvenile petition was error, our decision makes it unnecessary to reach this issue. *But see* ORS 419.500(1).

constitutional in *State v. Arenas,* 253 Or 215, 453 P2d 915 (1969).

The juvenile argues that *Arenas* is no longer authoritative in light of the subsequent United States Supreme Court decision, *In re Winship,* 397 US 358, 90 S Ct 1068, 25 L Ed 2d 368 (1970), holding that a finding of guilt in a juvenile case must be beyond a reasonable doubt. We have previously noted that this position may be well taken. *State v. Zorner,* 4 Or App 84, 475 P2d 990, Sup Ct *review denied* (1970), *cert denied* 403 US 936 (1971).[3]

However, we find it unnecessary to reach this question, because under either standard of proof the state failed to establish that Lee Ann Slawson was beyond parental control.

The state's case consisted of three witnesses, whose direct testimony totals only 17 transcript pages. From this limited record, we learn that a Portland policeman found the juvenile at a Portland residence referred to as the "White Panther Party Headquarters" when he and other officers executed a search warrant on August 28, 1970. A substantial amount of firearms and an undisclosed amount of explosive devices were seized at that time. Also, the same police officer had observed Lee Ann Slawson twice before entering the "White Panther Party Headquarters."

[3] This question has been resolved for future cases by a recent amendment to ORS 419.500(1). That provision now reads:

"The facts alleged in the petition showing the child to be within the jurisdiction of the court as provided in subsection (1) of ORS 419.476, unless admitted, must be established by a preponderance of competent evidence. *However, in the adjudicative phase of a hearing where a finding of jurisdiction may result in institutionalization under subsection (1) of ORS 419.509, the facts must be established beyond a reasonsonable doubt * * *.*" (Emphasis supplied.) Oregon Laws 1971, ch 31, p 44.

Lee Ann Slawson was called as a state's witness.[2] She testified that she had visited friends at the residence in question frequently, and had participated in activities of the White Panther Party. She denied that she had ever resided there or spent the night there. Through counsel she admitted having known that firearms were present there, but denied having known that explosives were present.

The state's final witness was Lee Ann Slawson's mother. She testified that her daughter always resided in her home and spent every night there. The mother testified that her daughter's activities in connection with the White Panthers had always had her full approval, based on what she knew of that organization.

None of the evidence introduced on behalf of the juvenile added anything that would indicate she was beyond parental control. All that was shown is that the juvenile participated in White Panther activities with her mother's permission. Perhaps her mother was neglectful or careless in not learning more about these activities before granting that permission, but this does not prove lack of parental control.

Reversed.

---

[2] It is argued that this procedure violated the juvenile's constitutional privilege not to incriminate herself. It has been recognized that the privilege does apply to some juvenile proceedings. In re Gault, 387 US 1, 87 S Ct 1428, 18 L Ed 2d 527 (1967); State v. Arenas, 253 Or 215, 453 P2d 915 (1969). Our decision makes it unnecessary to reach this issue.