Argued May 22, affirmed July 8, reconsideration denied August 21, petition for review denied September 4, 1974

STATE OF OREGON, *Respondent, v.* GEORGE ALLEN PAGE (No. 40390), *Appellant.*

523 P2d 1291

*Herbert A. Putney,* Medford, argued the cause for appellant. With him on the brief were Boyer & Putney, Medford.

*Doyle Schiffman,* District Attorney, Roseburg, argued the cause for respondent. With him on the brief was Brian R. Barnes, Deputy District Attorney, Roseburg.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

FOLEY, J.

The defendant was convicted after jury trial of three counts of criminal activity in drugs and received a sentence of five years. He appeals. The central issue is whether defendant was denied the assistance of counsel contrary to the Sixth and Fourteenth Amendments of the U.S. Constitution and Oregon Constitution, Art I, § 11. More specifically, defendant does not contend that he was directly denied the right of counsel by the circuit court, but rather that he was denied a continuance of his trial which prevented his being represented by counsel during the criminal prosecution.

The defendant was arrested in Douglas County, Oregon, on June 9, 1973, for the crime of criminal activity in drugs. A preliminary hearing on the charge was held on June 12 in the District Court for Douglas County. Defendant was represented by James H. Spence, an attorney of Douglas County, Oregon. Thereafter, on July 13, 1973, defendant was indicted

on three counts of criminal activity in drugs. He was arraigned on the indictment in the Circuit Court of Douglas County on July 23, 1973. At that time a demurrer was argued by the attorney Spence and he gave notice of intent to present evidence of mental defect and disease as a defense to the charges. When the demurrer was overruled, defendant entered a plea of not guilty and the court set the case for trial on August 22, 1973. On August 4, 1973, defendant retained a California attorney, Benjamin Marlowe, to try the criminal charges and on August 14, 1973, notice of Mr. Marlowe's association in the matter was filed in the circuit court, together with an affidavit requesting a continuance of the trial date based on attorney Marlowe's being involved in a murder trial in the state of California and the need for additional time to evaluate psychiatric testing of the defendant. After considerable discussion the court then, on August 16, continued the case for trial to September 26, 1973, and said:

> "Well, if there is any—I don't know the adjectives to describe it. The words that fly into my head—they are insidious malignancy in law enforcement—it is delay. The greatest delay occurs as to trial. Well, I will set it over until September 26th and reserve the 26th and 27th for it as a prime case. *As a condition of that I want Mr. Page's signed waiver for appearance at this hearing and that waiver should include that this delay is at his request and at his instance and you had better advise him and his newly-appointed co-counsel that absent some emergency there won't be any further postponement.* You make the order, Mr. Spence, and be sure and get that signed statement from Mr. Page." (Emphasis supplied.)

The signed waiver of defendant Page was filed in the case.

On September 19, one week before the trial date, a second motion for continuance was filed, supported by the affidavit of Mr. Marlowe, the California lawyer, saying he would be engaged in a trial in California for another four weeks and that "defendant needs additional time to complete psychiatric evaluations."[①] This was a month after the court had advised counsel that absent emergency there would be no further postponement. On September 20, after hearing, the court denied this motion for continuance. This was six days before the time set for the trial. On September 24, 1973, attorney Spence, representing the defendant, filed motions in the proceedings for separate trials on each count and gave notice that the defense of entrapment would be asserted. On September 25, the day before the trial, attorney Spence filed a "NOTICE OF WITHDRAWAL OF ATTORNEY" in the case, stating that he had withdrawn from the case as attorney and explaining that he had been discharged. Attorney Spence was then called before the court and asked to explain his application to withdraw. Attorney Spence advised the court that as late as the evening before, the defendant had advised him, Spence, that he elected to go to trial with Spence representing him. Attorney Spence and the defendant then discussed trial strategy and disagreed as to the presentation of defendant's testimony. The following is attorney Spence's statement to the court relative to his withdrawal as defendant's attorney:

"MR. SPENCE: Your Honor, it's not on my

---

[①] No contention was made in the motion for new trial or in the argument before this court or the various conferences about the continuance requested on September 19, 1973, that there was any unconcluded psychiatric evaluation upon which to base a postponement request.

own initiative. I was discharged by Mr. Page this morning.

"As a matter of fact, I filed the other motion yesterday and I had planned on trying this case tomorrow. I first reached him last night about the motion that was filed last week because he had planned all along for this other attorney to try this case and for me to be just here because an out-of-state attorney has to have a local attorney present to try it. I told him that I would have to try it. He was very upset and called me this morning and discharged me. Of course I can't represent him if he doesn't want me to. I told him there was a good chance that he would be here by himself. Apparently that's his decision because I was discharged this morning."

At that time the court said:

"* * * [I wanted to explain to him that] if he chooses to discharge you the hours before trial that he could hardly expect another attorney to come into the case at that late stage when you are all ready to go and that he would be in a position of having to represent himself, and I wanted to explain this to him so that he might decide if he wants to reconsider his decision to discharge you. * * *"

Attorney Spence notified the court that he had talked to defendant that morning and advised defendant that he must be at trial the next day at 10 o'clock because the case was definitely going to trial. Spence also advised the court that the defendant had told him that he no longer intended to use his California attorney but that he intended to get another Oregon attorney to represent him. In the discussion with attorney Spence the trial court said, with reference to Spence's statement that it was defendant's prerogative to select the attorney of his choice:

"Well, it is so long as he retains counsel in such

a way that the case can be handled in an orderly fashion. * * * [H]e has had substantial time to get ready for this thing and here on the day before trial he comes in and purports to discharge his lawyer. What is to keep him from doing this ad nauseam if the Court insists that the case come on and be disposed of? I suppose that he could discharge each lawyer the day before trial and so in this way, completely defeat the ends of justice."

Thereafter, the district attorney announced that the state was fully prepared to go to trial and would resist any further postponement of the case. The court responded:

"I suppose we are talking a little in abstract in that there is no motion for continuance presently before the Court * * *."

On September 26, 1973, the case was called for trial. The defendant was present without counsel and the court stated:

"* * * I notice Mr. Page that you have apparently discharged your attorney, Mr. Spence. Have you hired another lawyer?"

Mr. Page responded:

"Not as yet, Your Honor. I was working on getting an attorney from California. I don't have an attorney here to represent me.

"* * * * *

"I say, I am looking around trying to locate a good Oregon attorney to defend me now.

"THE COURT: Your case is set for trial right now.

"MR. PAGE: That's why I'm here, I am going to ask for another continuance.

"THE COURT: No, indeed. You have asked for two continuances,[2] each of which have been

---

[2] The court did not, in fact, allow two continuances. At the arraignment when the case was originally being set for trial,

granted. Your case is set for trial. It is your responsibility, especially where you have an attorney and you fired him the day before trial.

"MR. PAGE: This attorney is unprepared.

"THE COURT: Well, he represented to the Court that he was prepared and it's on the record.

"* * * * *

"I will give you time to re-engage him, a half an hour, because he is ready but you can't come up the day before trial and fire your lawyer and use that as an excuse to have a postponement.

"* * * * *

"You have your choice to defend yourself, to re-engage the attorney who is prepared for trial and that's a choice that you're going to have to make, but this Court has to process these cases in an orderly way and I have a jury coming in. * * * We have to try it when it is set, and you have had extensions of time in the past, so the delay and the problems are on your head, not on ours. * * *"

After further colloquy in which the court told the defendant that he would guarantee that he would get a fair trial but that the trial was going to proceed, the court then said:

"So, do what you will. If you want to discuss the matter further with a lawyer that is ready, feel free. If you are ready to go to trial without a lawyer, then we will have the jury down and we will start.

"MR. PAGE: I want to talk it over with Mr. Spence, then.

"THE COURT: All right. We will reconvene at 11:00 o'clock."

---

an earlier date for trial was suggested by the court, but upon representations made by both counsel for the state and counsel for defendant the court set the trial for a date two weeks later. The court may have inadvertently recalled this as a continuance.

At 11 o'clock the case took up again. The defendant was not represented by counsel and at that time the court stated, in explaining that the case would proceed to trial even though defendant was not represented by counsel:

"* * * [T]he Court is of the opinion that any difficulties in regard to representation here are traceable solely to the door of the defendant and we have certainly given him every opportunity to be ready and he knew or should have known of his obligation in that regard. Would you have the jury brought down, please?"

The defendant sought to waive the jury but the court declined to permit the waiver. The matter then proceeded to trial before the jury, resulting in defendant's conviction.

■ The state has a duty to afford an accused a speedy trial pursuant to the guarantees of the Sixth Amendment to the Constitution of the United States and Art I, § 10 of the Oregon Constitution. *State v. Downing,* 4 Or App 269, 478 P2d 420 (1970). The right to counsel is similarly guaranteed to an accused by the Sixth Amendment to the U.S. Constitution and Art I, § 11 of the Oregon Constitution.

■ A motion for continuance is addressed to the sound discretion of the trial court and its ruling thereon will be disturbed on appeal only for abuse of discretion. *State v. Wolfer,* 241 Or 15, 403 P2d 715 (1965).

In the present case the defendant, represented by counsel having over a month to prepare for his trial as originally set on August 22, obtained a continuance for more than an additional month to September 26. It should be noted that he was on bail and

was not in custody during the period between his preliminary hearing and the trial, a period of 105 days. A warning was given, at the August 20 continuance that "absent some emergency there won't be any further postponement."

■ It should also be noted that this is not a case in which the court was asked to provide counsel for defendant. He obtained his own counsel. A defendant may employ particular counsel to represent him provided such does not conflict with the orderly disposition of criminal cases, and his in particular. In *State v. Pflieger*, 15 Or App 383, 386-87, 515 P2d 1348 (1973), Sup Ct *review denied* (1974), we said:

"The right to counsel carries with it a right to counsel of one's choice. The corollary right of choice, however, is subject to judicial discretion if accommodation of the right to choice would result in ' "a disruption of the orderly processes of justice unreasonable under the circumstances of the particular case." ' *State v. Greenough*, 8 Or App 86, 92, 493 P2d 59 (1972).

"This case calls for a delicate balancing of the defendant's right to choice of counsel against the need of the public and of all defendants for expedition in the court system. The process is well described by the United States Supreme Court in *Ungar v. Sarafite*, 376 US 575, 589-590, 84 S Ct 841, 11 L Ed 2d 921, 931 (1963):

" 'The matter of continuance is traditionally within the discretion of the trial judge, and it is not every denial of a request for more time that violates due process even if the party fails to offer evidence or is compelled to defend without counsel. Avery v. Alabama, 308 US 444, 84 L ed 377, 60 S Ct 321. Contrariwise, a myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality.

Chandler v. Fretag, 348 US 3, 99 L ed 4, 75 S Ct 1. There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied. Nilva v. United States, 352 US 385, 1 L ed 2d 415, 77 S Ct 431; Torres v. United States, 270 F2d 252 (CA9th Cir); cf. United States v. Arlen, 252 F2d 491 (CA2d Cir).'"

■ Unless reasonable latitude is allowed the trial court in granting or denying a continuance, the criminal process could be made to operate at the whim of an accused. Here defendant knew that one continuance had been requested and allowed because of the unavailability of the California lawyer. From this he should have been on notice that that lawyer might not be available at the new time set for trial. If he did not desire to have for counsel the Oregon lawyer whom he had employed to represent him, he had adequate time to obtain another. Instead he discharged the attorney who was prepared to represent him at the trial just the day before the time set for trial. The trial court was justified in observing that defendant was "playing games" with the court in continually seeking postponement of his case. When his last formal motion to postpone was made, the defendant was still represented by Oregon counsel. The trial judge was well within his discretion in denying the defendant an additional continuance and the failure of the defendant to be prepared with counsel at trial was of his own making and was not a denial of his right to counsel. *State v. Pflieger,* supra; *State v. Sands,* 2 Or App 575, 469 P2d 795, Sup Ct *review denied* (1970); *State v. Blank,* 241 Or 627, 405 P2d 373 (1965). *See also Holt*

*v. United States,* 267 F2d 497 (8th Cir 1959) ; 17 Am Jur2d 157, 158, Continuance §§ 34, 35.

We conclude that the trial court correctly exercised its discretion and the judgment should be affirmed.

Affirmed.