Submitted January 21, affirmed September 4, 2014, petition for review denied January 15, 2015 (356 Or 685)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

GLEN GALLEGOS,
*Defendant-Appellant.*

Multnomah County Circuit Court
110732860; A150906

336 P3d 515

Peter Gartlan, Chief Defender, and Zachary Lovett Mazer, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Susan G. Howe, Senior Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and Nakamoto, Judge, and DeVore, Judge.

NAKAMOTO, J.

## NAKAMOTO, J.

Defendant appeals a judgment of conviction for second-degree assault, ORS 163.175. Preliminarily, we reject defendant's second assignment of error to the admission of a printout of defendant's photograph when he was booked that contained a header with information, including the following item: "Projected Booking Release Date: ******." Defendant's argument under OEC 401 and OEC 403 rests on the contention that the printout "had *no* probative value." We reject that argument because defendant's photograph was relevant to his contentions that the victim struck him and that defendant was engaged in self-defense. We also reject, without discussion, defendant's third through fifth assignments of error challenging nonunanimous jury verdicts as unconstitutional. *See State v. Cobb*, 224 Or App 594, 198 P3d 978 (2008), *rev den*, 346 Or 364 (2009). We do, however, address defendant's first assignment of error to the trial court's denial of his motion for a continuance of his trial when a key witness failed to appear at trial despite having received a subpoena. Defendant sought the continuance so that he could attempt to procure the witness's testimony. We conclude that the trial court did not abuse its discretion and affirm.

Before we proceed with the procedural history of defendant's motion for a continuance, we briefly describe the altercation that gave rise to the charge, which took place between defendant and another man with whom he was acquainted, Kelly. Defendant and Kelly argued one day in front of a Portland transitional housing hotel where Kelly lived; after others intervened, managers at the hotel told defendant not to return. The next day, Kelly and others were standing in front of the hotel when defendant and his girlfriend, Hayes, who also lived in the hotel, approached. Defendant and Kelly exchanged words, and then a physical altercation occurred, which Hayes and other bystanders witnessed. Defendant was charged with intentionally and knowingly causing physical injury to Kelly by means of a dangerous weapon under ORS 163.175 (second-degree assault). Defendant asserted self-defense.

Although Hayes had cooperated with defense counsel in preparing for the trial, defense counsel learned that

there was an unrelated outstanding warrant issued for Hayes's arrest, and so she served Hayes with a subpoena. Nevertheless, Hayes did not appear on the morning of trial.

Before trial began, defense counsel moved for a continuance to try to procure Hayes's presence. The parties had an unrecorded conversation with the court in chambers, and, on the record, defense counsel reiterated that Hayes was "an eyewitness to this incident"; that Hayes had given a statement to the defense investigator that was "favorable" to defendant; and that Hayes "had a warrant out for her arrest * * * since about two weeks ago," which might be the reason that Hayes had not appeared for the trial. Defense counsel also told the court that the week before trial, her investigator had served Hayes with a subpoena to appear and was prepared to support the motion with additional information about the terms of that service if the court wished to hear his testimony. Finally, defense counsel explained that she had considered obtaining a material witness warrant, but, "because [Hayes] already had a warrant out for her arrest," she had decided that "there really wasn't anything to add by getting a material witness warrant."

The state objected on the ground that the case was "old" and informed the court that the state was ready to proceed. The case had been pending over five months at that point, and defendant had been in custody. Defendant did not dispute that the case was "old." Leading up to the trial date, defendant had obtained at least three and perhaps four continuances, and the state had obtained two continuances.

The trial court denied the motion "under the circumstance[s]," and the trial proceeded over two days. Hayes did not appear on the second day of trial either. Ultimately, the jury found defendant guilty of second-degree assault, and he was sentenced to serve 70 months in prison. This appeal followed.

Defendant contends that the trial court erred by denying his motion for a continuance. In defendant's view, the trial court abused its discretion because his right to present a defense outweighed the burden to reschedule the trial date. He notes that the state did not object based on

prejudice and argues that, in fact, the state would not have been prejudiced by a continuance of the trial date.

Under ORS 136.070, a trial court "may, upon sufficient cause shown by the affidavit of the defendant or the statement of the district attorney, direct the trial to be postponed for a reasonable period of time." We review the denial of a motion for a continuance for abuse of discretion. *State v. Martinez*, 224 Or App 588, 591-92, 198 P3d 957 (2008), *rev den*, 346 Or 364 (2009). If a trial court's decision "is within the range of legally correct choices and produces a permissible, legally correct outcome, then the trial court did not abuse its discretion." *Id.* at 592. And, "we will not overturn a denial of a defendant's motion for a continuance unless the defendant demonstrates prejudice." *State v. Ferraro*, 264 Or App 271, 281, 331 P3d 1086 (2014); *accord State v. Bumgarner*, 219 Or App 617, 637, 184 P3d 1143, *rev den*, 345 Or 175 (2008), *cert den*, 555 US 1101, *adh'd to as modified on recons*, 229 Or App 92, 209 P3d 857 (2009).

Whether the trial court's denial of defendant's motion for continuance was an abuse of discretion "depends on the particular circumstances of the case and the reasons presented to the court at the time the request is denied." *Ferraro*, 264 Or App at 281; *accord State v. Page*, 18 Or App 109, 118, 523 P2d 1291 (1974). As a general matter, denial of a motion for a continuance on the day of trial is unlikely to be an abuse of discretion, *see, e.g.*, *State v. Keerins*, 145 Or App 491, 932 P2d 65 (1996), but that is not a hard-and-fast rule and instead depends on the circumstances.

The parties focus much of their attention on two significant circumstances described in *State v. Moore*, 324 Or 396, 927 P2d 1073 (1996). In that case, the Supreme Court stated that, when "a party requests a continuance because a witness is unable or fails to appear at trial, that party must demonstrate that: (1) the witness can be produced; and (2) if produced, the witness would testify about a material fact." *Id.* at 410. Defendant contends that, because the trial court was aware that his defense was going to be premised on a self-defense theory and that Hayes was an eyewitness who was going to present testimony favorable to him, in context, the court should have concluded that Hayes was going to

present testimony critical to his self-defense theory.[1] The state responds that defendant made an insufficient showing of the materiality of Hayes's anticipated testimony. We agree with defendant.

Defendant informed the trial court that a continuance was needed to procure the appearance of Hayes, "an eyewitness to this incident," and defendant informed the court that Hayes had given a "statement that was favorable to [defendant]." Despite that very "shorthand" description of Hayes's anticipated testimony, *i.e.*, that it would be "favorable" for defendant, we conclude that it was sufficient information, along with the information that defendant was proceeding on a self-defense theory, for the trial court to understand that, as an eyewitness, Hayes would provide testimony in support of defendant's self-defense theory. *See State v. Morgan*, 251 Or App 99, 105-07, 284 P3d 496 (2012) (holding that a formal offer of proof was not required to challenge an evidentiary ruling, because the substance of excluded testimony was apparent from the context).

Nevertheless, we conclude from its discussion with counsel that the trial court understood the circumstances to be that, because of the existence of the warrant for her arrest, Hayes had chosen not to appear despite the subpoena and was not going to voluntarily appear as a witness in defendant's trial. Defense counsel asked the court to set over the trial "to allow us additional time to try to get Ms. Hayes somehow either brought into custody or just allow us time to get her here." However, defense counsel did not describe how defendant would pursue those options or that those options would result in Hayes's appearance, despite the apparent circumstance that Hayes was avoiding the trial due to the

---

[1] On appeal, defendant also observes that he later established during trial that the state's witnesses saw the altercation from varying vantage points of 10 to 40 feet away, all behind Kelly, whereas Hayes was standing between, and only a few feet from, Kelly and defendant when the altercation began. He argues that Hayes was a critical witness because "the sole issue in the case was whether or not defendant acted in self-defense," and Hayes was "the only non-participant witness who viewed the incident from defendant's physical point-of-view and would have seen what defendant perceived." Although we agree that Hayes was a material witness for his defense, at the time of the motion for continuance, the record reflects that the trial court knew only that defendant was proceeding on a self-defense theory and that Hayes was an eyewitness to the altercation who would testify favorably for defendant.

warrant for her arrest. Thus, defendant had not established that Hayes could "be produced." *Moore*, 324 Or at 410. We accordingly conclude that the trial court did not abuse its discretion by denying defendant's motion for a continuance on the morning of trial.

Affirmed.