594 October 23, 2024 No. 747

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RHETA LEANNE MELVIN,
*Defendant-Appellant.*

Douglas County Circuit Court
19CR79323; A180165 (Control), A180166

Robert B. Johnson, Judge.

Submitted July 16, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kristin A. Carveth, Deputy Public Defender, Oregon Public Defense Commission, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Kate E. Morrow, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

In this consolidated appeal, defendant appeals an amended judgment and a judgment revoking her probation. In a single assignment of error, defendant argues that the trial court abused its discretion when, on the day of her continued probation violation hearing, it denied her motion for a second continuance. Specifically, defendant argues that, because she had recently hired private counsel who could not proceed that day, the "delay in obtaining new counsel was not defendant's direct fault." Having considered the particular facts of the case and the parties' arguments to the trial court, we conclude that the trial court did not abuse its discretion when it determined that defendant had hired private counsel for the purpose of delay and denied her motion. Accordingly, we affirm.

"We review the denial of a continuance for abuse of discretion. If a trial court's decision is within the range of legally correct choices and produces a permissible, legally correct outcome, then the trial court did not abuse its discretion." *State v. Ferraro*, 264 Or App 271, 280-81, 331 P3d 1086 (2014) (internal quotation marks and citations omitted). "Our understanding and application of 'the range of legally correct choices' in this context has been broad and pragmatic." *State v. Kindler*, 277 Or App 242, 250, 370 P3d 909 (2016).

In August 2022, the state alleged that defendant had violated her probation by failing to complete sex offender treatment. Specifically, the state alleged that defendant "has now been terminated by two separate treatment providers" and that she exhibited "a pattern of behaviors * * * while engaged with all providers, not just one." Defendant was arraigned that month and the trial court entered an order appointing counsel.

In September 2022, defendant appeared with appointed counsel and requested a contested probation violation hearing. At the contested hearing in October 2022, appointed counsel stated that she had conferred with the state and was requesting a continuance. The state did not object. After appointed counsel indicated that she could

proceed in three days, the court continued the hearing until that date. Defendant did not express any dissatisfaction with appointed counsel or otherwise address the court.

At the continued hearing, defendant appeared with private counsel and requested a continuance. Private counsel explained that he "could not go forward today for medical reasons." The state objected.

> "[THE STATE]:   This was already set over previously. [Defendant] has known since at least August that this [probation violation hearing] was taking place. This hearing has been set for some time. She's had plenty of time to retain counsel if she was going to do so. This appears to be just more of her delaying which is part of the, the problem with her status on probation. And as articulated in the [probation violation] report, is that's a common theme for [defendant]. Is delaying, not making appointments."

The trial court denied defendant's request. After noting that appointed counsel was present, the trial court found that defendant's request was "a clear delay tactic" and had "nothing to do with [private counsel's] health." The court further found that defendant "had over two months to retain counsel, private counsel, if she wanted to. The whole reason for the denial is the timing on the heels of a continuance earlier this week." Although appointed counsel stated that she "believe[d] that this has to do with dissatisfaction," the court disagreed.

> "THE COURT:   My point is the same, however. And I mean if [private counsel] can, wants to be here at, at counsel table that's fine *** this is all about delay. *** [I]f the concern was dissatisfaction with [appointed counsel's] representation I don't think that happened in the last 24 hours. I don't think that happened in the last hour. And so if [defendant] was dissatisfied with your representation she could have hired counsel a long time ago."

The contested hearing proceeded and appointed counsel represented defendant. After the court determined that the purposes of probation were not being met, it revoked defendant's probation. This appeal followed.

On appeal, defendant argues that the trial court abused its discretion when it denied her request for a

continuance because "defendant had already hired a new attorney, but that attorney had a medical problem that prevented him from representing defendant that day."[1] Defendant further contends that "the delay in obtaining new counsel was not defendant's direct fault." We disagree.

"As a general matter, denial of a motion for a continuance on the day of trial is unlikely to be an abuse of discretion, but that is not a hard-and-fast rule and instead depends on the circumstances." *State v. Gallegos*, 265 Or App 248, 251, 336 P3d 515 (2014), *rev den*, 365 Or 685 (2015) (citation omitted). Therefore, "whether a denial of a continuance is an abuse of discretion depends on the particular facts of the case and the reasons presented to the court at the time the request was denied." *State v. Thomas*, 266 Or App 642, 645, 338 P3d 762 (2014).

> "To properly exercise discretion, a court must inquire into the nature of and reasons for a party's continuance request and evaluate its merits. The court must also provide a sufficient record for review, describing the basic reasons for its decision and demonstrating that it was based on a correct application of the law and evaluation of the merits."

*A. D. L. and Lane*, 325 Or App 355, 361, 529 P3d 294 (2023) (internal quotation marks and citations omitted).

As relevant here, although "a criminal defendant must have a reasonable opportunity to obtain counsel of the defendant's choice, *** that right is balanced against the need to conclude cases in a timely manner." *Thomas*, 266 Or App at 645. Consequently, "if obtaining counsel causes delay, one factor we consider is whether the circumstances surrounding [the] delay were within defendant's control." *Id.*; *State v. Hickey*, 79 Or App 200, 202, 204, 717 P2d 1287 (1986) (concluding that the theft of the defense counsel's briefcase containing the "entire case file" the night before trial was a factor "beyond [the defendant's] or his counsel's control").

---

[1] We do not understand defendant to argue that the trial court's ruling on her motion for a continuance denied her the right to counsel of choice. In her brief, defendant explains that she "construes the court's ruling as a denial of a continuance" because "defendant does not need court permission to discharge court-appointed counsel and hire retained counsel, *State v. Keerins*, 145 Or App 491, 494, 932 P2d 65 (1996)[.]"

We have considered the "particular facts of the case and the reasons presented to the court at the time the request was denied," *Thomas*, 266 Or App at 645, and conclude that the trial court did not abuse its discretion. Here, the state objected to the continuance, argued that the request was consistent with defendant's pattern of "delaying, [and] not making appointments," and referenced defendant's probation violation report. That report included a letter from defendant's treatment provider indicating that defendant had missed regularly scheduled treatment appointments, offered excuses at the last minute, and blamed others for her conduct. Moreover, even though defendant acknowledges that she "[did] not need court permission to discharge court-appointed counsel" and to retain private counsel, she did not inform the court that she had hired private counsel until the day of the continued hearing. Therefore, the trial court did not abuse its discretion when it determined that, notwithstanding private counsel's "medical reasons," defendant had hired private counsel for the purpose of delay and denied defendant's request. *See, e.g.*, *State v. Keerins*, 145 Or App 491, 495, 932 P2d 65 (1996) ("It is not an abuse of discretion to deny a continuance that is requested on the day of trial, when a defendant had a reasonable opportunity to obtain counsel but had failed to do so because of his own lack of effort and his own choice."); *State v. Makinson*, 174 Or App 544, 546, 548, 27 P3d 1046, *rev den*, 332 Or 559 (2001) (concluding that the trial court did not abuse its discretion in denying the defendant's request for a continuance on the day of trial when the defendant had contacted a private attorney two weeks before trial, "did not contact that attorney again," then told his court-appointed counsel two days before trial that he "wanted to relieve [the appointed counsel] of his duties" and that he would hire private counsel); *see also State v. Page*, 18 Or App 109, 118, 523 P2d 1291 (1974) (concluding that "[t]he trial court was justified in observing that defendant was 'playing games' with the court in continually seeking postponement of his case").

Affirmed.