Argued March 23, affirmed April 19, 1976

STATE OF OREGON, *Respondent,*
*v.*
MICHAEL JAMES REESE, *Appellant.*
(No. 46011, CA 5467 and No. 46012, CA 5490)

548 P2d 998

*Clemens E. Ady,* Portland, argued the cause and filed the brief for appellant.

*Kevin L. Mannix,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Fort and Thornton, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

In a consolidated jury trial defendant was found guilty of robbery in the first degree, ORS 164.415, criminal activity in drugs, ORS 167.207, and unlawful possession of a weapon, ORS 166.250. Initially, defendant was represented by appointed counsel, but on the day prior to trial he filed a notice of substitution of attorney. At the same time, defendant's newly-retained attorney moved for a continuance alleging that defendant had obtained sufficient funds to retain counsel and that retained counsel had not had an opportunity to prepare for trial.

The defendant assigns as error the trial court's refusal to grant a continuance. Defendant also contends that certain evidence was improperly admitted.

### I

This was not a complex case. We assume retained counsel learned defendant's version of the events when he initially interviewed defendant. Based on that information, retained counsel, who had the cooperation of appointed counsel, should have been aware of any meritorious avenues of defense. Given the time frame and the lack of prior continuances, if defendant had made in a proper manner a specific showing of a plausibility of producing evidence helpful to him, the trial court would have erred in denying his motion for a continuance.

Defendant's motion, however, was conclusory and not supported by affidavit. ORS 136.070 provides that a trial may be postponed "upon sufficient cause shown by the affidavit of the defendant."

> "Compliance with ORS 136.070 by making a showing in writing is more than a formality to satisfy appellate courts. It is designed to provide a basis upon which a trial judge can make a discretionary ruling in an intelligent and informed manner. A motion and affidavit are to be made for purposes of obtaining a continuance, not for the perfection of an appeal. * * *" *State v. Longoria,* 17 Or App 1, 6, 520 P2d 912, Sup Ct *review denied* (1974).

Since no proper showing was made, there is nothing to review.

However, assuming *arguendo* that the motion was presented in proper form, we find no abuse of discretion in denying it. We repeated a well-established rule in *State v. Pflieger,* 15 Or App 383, 387, 515 P2d 1348 (1973), Sup Ct *review denied* (1974):

> " 'The matter of continuance is traditionally within the discretion of the trial judge, and it is not every denial of a request for more time that violates due process even if the party fails to offer evidence or is compelled to defend without counsel * * *. Contrariwise, a myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality * * *. There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied. * * *' " (Quoting from *Ungar v. Sarafite,* 376 US 575, 589, 84 S Ct 841, 11 L Ed 2d 921 (1964).)

Defendant spoke only in generalities about matters he wished to explore. *State v. Young,* 1 Or App 562, 569, 463 P2d 374, Sup Ct *review denied* (1970), requires a "specific showing of good cause" before a continuance should be considered by the trial court.

Defendant's arguments to the trial court were essentially as follows:

■  1. Defendant argued that he wished to move to suppress evidence recovered from defendant's vehicle. He offered no reason why such a motion would have had even a semblance of merit.

■  2. Defendant stated that he needed time to locate witnesses for various purposes; for example, to impeach the state's key witness. Such an abstract statement is not sufficient to warrant a postponement of trial. We infer from *State v. Otten,* 234 Or 219, 223, 380 P2d 812 (1963), that if a defendant seeks a con-

tinuance to procure witnesses, he must show that the witnesses can be produced and if produced, they will testify to facts material to the defendant's case. *State v. Birchard,* 23 Or App 17, 540 P2d 1033 (1975).

■  3. Defendant also noted that he had not received information on whether any of the state's witnesses had records of criminal convictions. Although defendant alleged in a different context that the robbery victim was a drug dealer, there was no showing that a complete check would be likely to produce results which would aid the defense. This is in contrast to *State v. Ireland,* 11 Or App 264, 500 P2d 1231 (1972), in which the defendant produced evidence that the state's chief witness did have a record of prior convictions. There we reversed because the trial court did not allow a continuance to enable the defendant to obtain the record.

■  4. Defendant seemed to suggest to the trial court that he was prejudiced because retained counsel did not have an opportunity to plea bargain. We observe that appointed counsel represented defendant for eight weeks during the period when negotiations normally take place.

■  5. In effect, defendant argued that he did not have time to collect evidence to support a defense of self-defense. He set forth the information which he felt it was necessary to obtain in order to raise this defense. Nevertheless, defendant made no showing that the amount of time available for retained counsel to prepare for trial was insufficient to acquire the desired information.

■  6. Defendant argued that his retained counsel had no opportunity to interview the state's witnesses or visit the scene of the crime. A review of the trial transcript reveals that defendant was not thereby prejudiced. His counsel had a good grasp of the facts and effectively cross-examined the prosecution witnesses.

[ 235 ]

## II

■ Finally, defendant contends that the court erred in admitting into evidence drugs and weapons which were seized from defendant's vehicle when he and his co-defendant were arrested shortly after the robbery. Defendant argues that since two people occupied the car, there was no reasonable connection between the articles and defendant. That goes to the weight of the evidence. The cases cited by defendant deal with the sufficiency of evidence to support a conviction and are inapposite to his assignment of error.[1]

■ Defendant also claims that because there was a missing link in the chain of possession of one of the pistols, it should not have been admitted. The pistol had been sent by a state police officer to the State Crime Laboratory and then returned. At the time it was admitted into evidence, the crime lab technician had not yet testified, but the arresting officer had testified that the pistol was the one he found in defendant's vehicle. In an evidence-chain problem

"* * * the ultimate question always is whether the proof shows with reasonable certainty that the article offered is the identical article taken from the accused. That question is addressed in the first instance to the sound discretion of the trial judge.

"* * * * *

" '* * * Factors to be considered in making this determination include the nature of the article, the circumstances surrounding the preservation and custody of it, and the likelihood of intermeddlers tampering with it. If upon the consideration of such factors the trial judge is satisfied that in reasonable probability the article has not been changed in important respects, he may permit its introduction in evidence. * * *' [*Gallego v. United States,* 276 F2d 914 (9th Cir 1960).]" *State v. Anderson,* 242 Or 368, 374-75, 409 P2d 681 (1966).

---

[1] *State v. Weller,* 263 Or 132, 501 P2d 794 (1972); *State v. Oare,* 249 Or 597, 439 P2d 885 (1968); *State v. Moore,* 14 Or App 268, 511 P2d 880 (1973).

Using the criteria set out in *Anderson,* we do not find that the trial court abused its discretion in admitting the pistol.

Affirmed.