Argued and submitted November 21, 1979,
reversed and remanded for new trial January 21, 1980

## STATE OF OREGON,
*Respondent,*

*v.*

## EDWARD GEORGE ZAHA,
*Appellant.*

### (No. 54304, CA 14903)

605 P2d 306

Keith J. Rohrbough, Albany, argued the cause and filed the brief for appellant.

James C. Rhodes, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Tanzer, Presiding Judge, and Thornton and Campbell, Judges.

TANZER, P. J.

**TANZER, P. J.**

Defendant appeals his jury trial conviction of unauthorized use of a vehicle, ORS 164.135, contending that the trial court abused its discretion by denying his motion for a continuance and by not allowing the resignation of defense counsel. Defendant argues that the denial of the two motions prejudiced him by forcing him to stand trial without his chosen counsel. We agree.

Defendant told the court when he was arraigned on March 29, 1979, that he would be represented by attorney David Cargo. Three weeks before trial, about April 25, defendant arranged to have money for a retainer transferred from his account at the Oregon State Correctional Institution (OSCI) to Cargo. The court received a letter from Cargo dated April 30, 1979, stating that he had not been retained by defendant and did not intend to represent him. When told of the letter at the pretrial hearing, defendant expressed surprise and told the court that he did not know if the money sent to retain Cargo had been received. At one point the court said to defendant, "apparently you can't hire Mr. Cargo from what he says." Defendant answered, "I guess I can't." The court then appointed Keith Rohrbough as attorney for the defendant.

Rohrbough spoke with defendant immediately after the pretrial hearing, but no decisions concerning the conduct of the case were made at that time. After the meeting, defendant refused to discuss the case with Rohrbough because he felt that Cargo would be his attorney. Defendant continued his efforts to retain Cargo and tried to find out why Cargo had not received his funds from OSCI.

Five days before the trial date, Cargo informed the district attorney's office that he had been retained by defendant. Cargo asked for a continuance because of scheduling difficulties and, apparently, because he would not have enough time to prepare the case for

trial. The district attorney refused to agree to a continuance.

On May 16, the day originally set for trial, Rohrbough moved for a continuance and for permission to resign as defense counsel, arguing that defendant believed that Cargo was his attorney, never considered Rohrbough to be his attorney and did not cooperate with Rohrbough in the preparation of the case. Rohrbough told the court that he did not feel that he was in a position to fully and adequately represent the defendant and that defendant's failure to retain Cargo at an earlier date was due solely to OSCI's delay in forwarding defendant's money. Rohrbough told the court that defendant had made repeated attempts to contact Cargo. The court denied both of defendant's motions without explanation and the case proceeded to trial.

Article I, § 11 of the Oregon Constitution and the Sixth Amendment to the United States Constitution guarantee the right of counsel to the criminally accused, including the right to choose one's counsel. As we said in *State v. Pflieger,* 15 Or App 383, 386-7, 515 P2d 1348 (1973) *rev den* (1974).

> "The right to counsel carries with it a right to counsel of one's choice. The corollary right of choice, however, is subject to judicial discretion if accommodation of the right to choice would result in ' "a destruction of the orderly processes of justice unreasonable under the circumstances of the particular case." ' *State v. Greenough,* 8 Or App 86, 92, 493 P2d 59 (1972)."

Defendant's motion for a continuance and the removal of the court-appointed attorney was not an attempt to destroy or impede the "orderly processes of justice." From the time of his arraignment defendant wanted a particular, qualified attorney to represent him and took those reasonable steps which were within his power to retain that chosen counsel. Defendant's failure to retain Cargo at an earlier date was due to an unexplained delay in the transfer of funds under OSCI

control and not to any omission or delay on defendant's part.

Defendant's refusal to accept an attorney-client relationship with an appointed lawyer was reasonable in light of his having taken appropriate action to retain the attorney of his choice and his reasonable belief that the attorney of his choice had in fact been retained.

In *Pflieger,* we held that the authority of the trial court to administer its docket was not subject to untimely changes in a defendant's choice of counsel. In so holding, we did not imply that the court's administrative authority was absolute. The right to counsel of one's choice is not absolute either, but it is a right of such magnitude that the need of the court for expeditious administration must reasonably accommodate that right. Where, as here, the defendant's inability to proceed with counsel of his choice was caused by circumstances in the control of others and despite his reasonable efforts to secure counsel on time, the judicial delay caused by allowance of a continuance to secure counsel of choice would be outweighed by defendant's right to counsel. We hold that the failure to allow a continuance to allow defendant to proceed with counsel of his choice was error.

Reversed and remanded for new trial.