Argued and submitted August 12, 1985, reversed and remanded for new trial
April 30, 1986

## STATE OF OREGON,
*Respondent,*

*v.*

## THEODORE HICKEY,
*Appellant.*

### (C84-06-32530; CA A34401)

717 P2d 1287

Paul J. De Muniz, Salem, argued the cause for appellant. With him on the brief were Robert R. Trethewy and Garrett, Seideman, Hemann, Robertson & De Muniz, P.C., Salem.

Douglas F. Zier, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were

Dave Frohnmayer, Attorney General and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, and Joseph, Chief Judge and Newman, Judge.

NEWMAN, J.

## NEWMAN, J.

Defendant appeals his conviction for assault in the second degree. ORS 163.175. He asserts that the court erred when it denied his motion for a continuance that he made on the day of trial. We agree and reverse and remand for a new trial.

On June 8, 1984, defendant was arraigned. The court determined that he was indigent and appointed a member of the Multnomah County Public Defender's Office as his counsel. While attempting to negotiate a "plea bargain," the parties jointly requested and obtained two continuances from the court. The negotiations, however, failed to produce an agreement, and the case came on for jury trial on the morning of October 23, 1984.

At the outset of proceedings, defendant's counsel moved for a continuance. He told the court that his briefcase, which contained his entire case file, had been stolen the night before. The file contained witness statements, police reports and "a considerable amount of work product" which he had generated over the previous months, including his notes and research. In support of the motion, he stated:

> "I do not feel without those notes and without reference to my work product that I can adequately defend Mr. Hickey at this time. I think it is a question of competence. I know that I can get through the trial, do all the basic steps, ask some questions of the witnesses, but I don't think that I can utilize my skill to its fullest on Mr. Hickey's behalf during this trial."

He also stated that his own schedule of approximately 60 pending felony cases at the Public Defender's Office precluded final preparation until the night before trial. In the alternative, he moved to withdraw from the case. The court denied both motions.

> "The Court: Well, [counsel], your client was arrested June 5th, I believe, of 1984, and this is October 23rd. It would seem to me you have had a long, long time to think about the case. And I recognize that the loss of your notes poses some problem to you, but the State has made additional copies of their police reports and the witness statements available to you this morning; is that correct?
>
> "[Counsel]: Yes. I have received the witnesses' statements I gave to the State.

"The Court: And you have three witnesses, so it's not a protracted case. It would seem to me that you should be in a position to adequately defend your client."

After the jury was selected and counsel had given opening statements, defendant asked the court for a new lawyer on the ground that his lawyer was not prepared to proceed. That was denied. Counsel also renewed his motion to withdraw and called three criminal defense attorneys, each of whom testified that they would not proceed to trial without their case file under comparable circumstances, because they would not be adequately prepared. Thereafter, at several points in the trial, counsel, through a variety of motions, reasserted his objection to proceeding without his case file. The court denied his request on each occasion. The jury found defendant guilty of assault in the second degree.

Defendant argues that the court abused its discretion, because his counsel was unable adequately to prepare for trial and, therefore, to give him the effective assistance of counsel which Article 1, section 11, of the Oregon Constitution and the Sixth Amendment require. We hold that the court's denial of his motion for a continuance was an abuse of discretion.

■ A motion for continuance is addressed to the sound discretion of the court. Its ruling will be disturbed upon appeal only for an abuse of that discretion. *State v. Wolfer,* 241 Or 15, 17, 403 P2d 715 (1965). Whether a denial of a continuance is improper depends on the particular circumstances of the case and the reasons presented to the court at the time the request is denied. *State v. Page,* 18 Or App 109, 118, 523 P2d 1291, *rev den* (1974).

■ Under the circumstances of this case, the court should have granted the continuance. Defendant was on trial for a Class B felony.[1] The loss of the file prevented his counsel from completing the preparation of the case for trial. It deprived him of his work product developed for use during the trial, and he insisted that he could not adequately defend his client without those materials. The case is distinguishable from *State v. Page, supra,* where the defendant asked for a continuance after discharging his counsel on the eve of trial. There the "failure of the defendant to be prepared with

---

[1] The maximum term for a Class B felony is 10 years.

counsel at trial was of his own making," and the court observed that the defendant was " 'playing games'* * * in continually seeking postponement of his case." 18 Or App at 118. Here defendant's unreadiness resulted from factors that were beyond either his or his counsel's control.

Defendant's predicament here is more akin to that in *State v. Zaha,* 44 Or App 103, 605 P2d 306 (1980), where, despite his reasonable efforts, the defendant was unable to obtain counsel of his choice for trial. In reversing the trial court, we stated:

> "The right to counsel of one's choice is not absolute either, but it is a right of such magnitude that the need of the court for expeditious administration must reasonably accommodate that right. Where, as here, the defendant's inability to proceed with counsel of his choice was caused by circumstances in the control of others and despite his reasonable efforts to secure counsel on time, the judicial delay caused by allowance of a continuance to secure counsel of choice would be outweighed by defendant's right to counsel." 44 Or App at 107.

Similarly, circumstances beyond his and his counsel's control caused defendant's unpreparedness here. Although the delay from a continuance might have resulted in some disruption of the judicial process and prejudice to the state, those factors were outweighed by defendant's right to the effective assistance of counsel. *See also State v. Owens,* 68 Or App 343, 681 P2d 165 (1984); *State v. Peterson,* 66 Or App 477, 675 P2d 1055 (1984).

■ The state argues that defendant's failure to point to "instances of inadequate performance" by his attorney precludes our reversing his conviction. *State v. Wolfer, supra.* We disagree. It is not possible for us to assess the precise impact of the loss of his file on defense counsel's judgment, strategy and competence at trial, and we need not examine his actual performance. *See State v. Zaha, supra.* We cannot say that the court's refusal to allow the continuance did not deny to defendant his attorney's best efforts on his behalf, which includes adequate preparation for trial. Under the circumstances, the court's ruling was an abuse of discretion and reversible error.

Reversed and remanded for a new trial.