Argued and submitted May 30, reversed and remanded for new trial
September 24, 1986

# STATE OF OREGON,
*Respondent,*

*v.*

# GUY HARPER,
*Appellant.*

(89066A; CA A37923)

725 P2d 942

Greg Austin, Oregon City, argued the cause and filed the brief for appellant.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Defendant seeks reversal of his conviction for driving under the influence of intoxicants, ORS 487.540, on the ground that the trial court abused its discretion in not granting a postponement so that defendant's counsel could prepare for trial. We reverse.

Defendant was cited for DUII on September 15, 1985. The record does not indicate whether he was arraigned. On October 3, 1985, his retained counsel notified the clerk of the court that he was representing defendant and also entered a plea of not guilty on defendant's behalf. At the same time, he filed a demand for discovery. On October 8, the trial was set for November 14, 1985, with a pretrial date of November 7, 1985. On November 7, defendant's counsel withdrew, at defendant's request, and defendant sought a postponement of the trial date, which was denied. However, the pretrial date was moved to November 13, 1985. On November 13, defendant appeared at the pretrial hearing with new counsel, who had been retained on November 12, contingent upon defendant's obtaining a continuance. Defendant renewed his motion to postpone the trial. The motion was supported by an affidavit of the counsel indicating that he had two hearings set for November 14, 1985, and that he needed additional time for preparation. Additionally, he noted that defendant had made a "heroic" effort to secure funds to retain counsel since he had discharged his first counsel on November 7. The state did not oppose the motion to postpone; however, it was denied. On November 14, 1985, defendant appeared for trial without counsel and again renewed his motion for postponement, stating that he was not competent to represent himself. The court once again denied the motion, and defendant was convicted.

There is nothing in this record to indicate that defendant or his counsel was attempting to impede the orderly process of justice or "stroking the system," as was the case in *State v. Lingren,* 79 Or App 324, 719 P2d 61 (1986). Further, because of its acquiescence in the motion, the state may not claim that its interests were threatened to be prejudiced by a postponement. *See State v. Schmick,* 62 Or App 227, 660 P2d 693, *rev den* 295 Or 122 (1983).

We recognize the trial court's interest in preserving

the expeditious administration of the docket. However, as we explained in *State v. Zaha,* 44 Or App 103, 605 P2d 306 (1979), the court's authority in this regard is not absolute. The decision whether to postpone trial is discretionary and will not be disturbed if it is within the range of the court's discretion. *See State v. Hickey,* 79 Or App 200, 717 P2d 1287 (1986). In the exercise of that discretion, the court must "reasonably accommodate" the defendant's right to be represented by counsel of his choice. *State v. Zaha, supra.* As an essential predicate, the court should consider on the record whether the request for a postponement is reasonable in the circumstances. There is no indication that the court did that here, and the resulting conviction must be reversed.

Reversed and remanded for a new trial.