Argued and submitted June 27, affirmed December 24, 2008

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RICARDO MORENO MARTINEZ,
aka Ricardo Martinez Moreno,
*Defendant-Appellant.*

Malheur County Circuit Court
04125660C; A129630

198 P3d 957

Bronson D. James, Deputy Public Defender, argued the cause for appellant. With him on the briefs were Ingrid Swenson, Executive Director, and Peter Gartlan, Chief Defender, Legal Services Division, Office of Public Defense Services.

Jamie K. Contreras, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Huckleberry, Senior Judge.

WOLLHEIM, J.

## WOLLHEIM, J.

Defendant appeals from a judgment of conviction on one count of attempted murder, ORS 161.405, ORS 163.115, two counts of assault in the first degree, ORS 163.185, and one count of assault in the second degree, ORS 163.175. Defendant assigns error to the trial court's denial of his motion to discharge court-appointed counsel and to the trial court's denial of his motion for a continuance.[1] For the following reasons, we affirm.

The following procedural facts are undisputed. A grand jury returned the indictment against defendant in December 2004. Following the withdrawal of defendant's court-appointed attorney due to the attorney's workload, the trial court appointed new counsel in February 2005. The state provided discovery to defendant in March 2005, defendant entered a plea of not guilty in May 2005, and the trial court set the trial date for June 13, 2005.

On the morning of the first day of trial, defendant informed the trial court that he had "fired" his court-appointed attorney because the attorney had not produced "any of my witnesses that I asked him to and we need more time * * * and he said he couldn't" obtain a continuance. Although defendant's counsel had reported "ready" for trial, defendant's counsel informed the court that defendant wanted additional time and a new attorney. The trial court conducted a colloquy regarding the extent of counsel's preparation for trial. Counsel and defendant's investigator, who was present in the courtroom, reported that they had followed up on the leads that defendant had provided. During that colloquy, defendant said, "I'll hire my own attorney," and requested of the court, "Just give me more time." The court

---

[1] In a supplemental brief citing *State v. Ice*, 343 Or 248, 170 P3d 1049 (2007), *cert granted*, _____ US _____, 128 S Ct 1657 (2008), defendant assigns error to the trial court's imposition of consecutive sentences without the requisite finding of facts by a jury. Although the trial to the jury was bifurcated with a guilt phase and a sentencing phase, the jury did not explicitly find that separate victims were involved. Without deciding whether that alleged error is preserved or constitutes plain error, we observe that, under the facts of this case, that issue is directly controlled by *State v. Zweigart*, 344 Or 619, 639, 188 P3d 242 (2008) (holding that the requisite finding of separate victims for purposes of the imposition of consecutive sentences was inherent in the jury's verdicts). Accordingly, we affirm on the supplemental issue without further discussion.

responded that defendant had not provided a sufficient reason to postpone and that it was not going to continue the case. The court also found that defendant's counsel was doing a reasonable and adequate job. The court informed defendant that it was not going to provide a new court-appointed attorney.

The trial court advised defendant of his choices: "You either go forward today with [counsel] as your attorney or you go forward today alone." After defendant reiterated that he had "fired [his] lawyer," the trial court asked defendant, "[Y]ou don't want to represent yourself, do you?" Defendant replied, "I don't know how to." The trial court then stated, "So we're going to go forward today with [counsel] as your lawyer," and proceeded to start the jury selection process. The jury ultimately found defendant guilty of all four counts alleged in the indictment.

On appeal, defendant argues in his first assignment of error that the trial court erred in denying his motion to dismiss his court-appointed attorney. On the morning of trial, defendant announced that he had fired his court-appointed attorney and intended to retain his own attorney if the court would give him more time. In response, the court told defendant that the court would not give defendant more time and that he either could proceed with his court-appointed attorney or he would represent himself. Defendant elected to proceed with his court-appointed attorney. Defendant's argument in his brief is that he had an absolute right to retained counsel and it necessarily followed that a continuance should have been granted. On appeal, defendant does not argue that the trial court should have appointed a new attorney or that the trial court should have allowed defendant to proceed *pro se*. To the contrary, defendant argues only that he "was willing to retain counsel" and wanted to "retain an attorney he could work with." Defendant did not need the trial court's permission to discharge his court-appointed attorney before retaining private counsel. *State v. Keerins*, 145 Or App 491, 494, 932 P2d 65 (1996). Thus, there is no trial court ruling to review in the first assignment of error.

We review defendant's second assignment of error, that the trial court improperly denied his motion for a continuance, for an abuse of discretion. *State v. Moore*, 324 Or 396,

410, 927 P2d 1073 (1996). If the trial court's decision is within the range of legally correct choices and produces a permissible, legally correct outcome, then the trial court did not abuse its discretion. *State v. Hug*, 186 Or App 569, 572, 64 P3d 1173, *rev den*, 335 Or 510 (2003). If the trial court did not abuse its discretion, we may not substitute our judgment for that of the trial court even if we might have resolved the issue differently. *Id.* at 576.

In considering a motion for a continuance, the trial court must reasonably accommodate a defendant's right to the counsel of his or her choice. *State v. Harper*, 81 Or App 422, 425, 725 P2d 942 (1986). However, a trial court does not abuse its discretion by denying a defendant's motion for a continuance requested on the day of trial when the defendant has had prior opportunity to hire private counsel and has failed to request a continuance in a timely manner. *State v. Makinson*, 174 Or App 544, 547-48, 27 P3d 1046, *rev den*, 332 Or 559 (2001). A trial court need not consider a motion for a continuance unless a defendant makes a specific showing of good cause. *State v. Reese*, 25 Or App 231, 234, 548 P2d 998 (1976).

Defendant claims that he showed good cause for the continuance because he was dissatisfied with his present attorney and had a right to counsel of his choice. Defendant also relies on *Reese*, where we stated, "Given the time frame and the lack of prior continuances, if [the] defendant had made in a proper manner a specific showing of a plausibility of producing evidence helpful to him, the trial court would have erred in denying his motion for a continuance." 25 Or App at 233. Defendant argues that he demonstrated such plausible evidence by identifying witnesses whom he had wanted to interview but had been unable, for good reason, to contact. Finally, defendant argues that the state would not have been unduly prejudiced by the requested delay and that the "rush to trial" effectively denied him the benefit of counsel. Therefore, defendant concludes, the trial court abused its discretion in denying the motion for a continuance.

Defendant's arguments are not persuasive. First, defendant did not demonstrate that he lacked any opportunity to retain private counsel prior to the day of trial or that

he had good cause for his failure to make a *timely* request for a continuance. Second, defendant's reliance on *dictum* in *Reese* is misplaced and contrary to the holding of that case. In *Reese*, we considered what a defendant must show in seeking a continuance in order to procure additional witnesses: "[I]f a defendant seeks a continuance to procure witnesses, he must show that the witnesses can be produced and if produced, they will testify to facts material to the defendant's case." *Reese*, 25 Or App at 234-35. After we decided *Reese*, the Supreme Court noted that, even where those two standards are met, the trial court still retains discretion, under certain circumstances, to deny a motion for a continuance. *Moore*, 324 Or at 410.

Here, defendant did not make a showing that a continuance would provide him the opportunity to produce any witnesses or that the witnesses would testify to any facts material to his case. Accordingly, defendant failed to demonstrate that the trial court abused its discretion. The trial court did not err in denying defendant's motion for a continuance.

Affirmed.