STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MARK LEWIS RINGLER,
*Defendant-Appellant.*

Lane County Circuit Court
201104280; A149050

333 P3d 1080

Laura A. Frikert, Deputy Public Defender, argued the cause for appellant. With her on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Rebecca M. Johansen, Assistant Attorney General, argued the cause for respondent. With her on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Armstrong, Presiding Judge, and Egan, Judge, and De Muniz, Senior Judge.

EGAN, J.

**EGAN, J.**

Defendant appeals a judgment of conviction for one count of unlawful delivery of methamphetamine. ORS 475.890. He assigns error to the trial court's denial of his motion for a continuance.[1] We conclude that the trial court did not abuse its discretion in denying defendant's motion. Therefore, we affirm.

We review the trial court's denial of a motion for a continuance for abuse of discretion. "Discretion refers to the authority of a trial court to choose among several legally correct outcomes. If the trial court's decision was within the range of legally correct discretionary choices and produced a permissible, legally correct outcome, then the trial court did not abuse its discretion." *State v. Hug*, 186 Or App 569, 572, 64 P3d 1173, *rev den*, 335 Or 510 (2003) (internal citations and quotation marks omitted). Further, "[i]f the trial court did not abuse its discretion, we may not substitute our judgment for that of the trial court even if we might have resolved the issue differently." *State v. Licari*, 261 Or App 805, 808, 322 P3d 568 (2014).

Defendant was indicted on one count of unlawful delivery of methamphetamine, ORS 475.890, in March 2011. Defendant was arraigned on April 21, 2011, and the trial court appointed counsel for defendant that day. His trial was initially scheduled for June 14, 2011.

On May 26, 2011, the state filed a notice of sentencing enhancement facts. That same day, defendant's initial attorney moved to withdraw as counsel. The court engaged in the following colloquy with defendant, his attorney—Kaiser—and the prosecutor:

"THE COURT: What's the problem between you and Mr. Kaiser?

"THE DEFENDANT: He doesn't believe in me on this case. He doesn't think that I'm innocent like I know I am. And as far as all these other mitigating factors that he's putting in here. So, you know, I want my trial. I want to

---

[1] We have considered defendant's remaining assignments of error, relating to the trial court's denial of his motion to suppress, and we reject those assignments without discussion.

go to trial. And he's adamantly against that. That I should plead guilty and take the max that [the prosecutor is] offering.

"* * * * *

"MR. KAISER: What I [told defendant was] offered [in the plea agreement] was plead to the gridblock, which as I understand it from the criminal history provided by the State is a 9C, which is 56 to 60 [months]. Or to plead to an 8C, admit the aggravating factors allowing for a range of 29 to 68 months.

"THE COURT: Is that wrong?

"[PROSECUTOR]: No, that's accurate.

"THE COURT: All right. So those are the offers he's made. Mr. Kaiser had to tell you those offers. So I'm confused what the problem is.

"THE DEFENDANT: The problem is I didn't—the aggravating factor isn't true.

"THE COURT: Well, fine. You can have a trial. Mr. Kaiser is just telling you what the options are. He's not telling you he won't try the case.

"THE DEFENDANT: We differ on our whole plan—whole idea about this. He's totally different than what I'm thinking as far as how to go about this.

"THE COURT: He's just giving you advice which he's entitled to. That's what lawyers are for, to advise you. Sometimes he might tell you you should take a deal, but you don't have to take the deal. That doesn't mean he isn't going to fight for you. You're not entitled to a lawyer who believes you. You are entitled to a lawyer who is going to tell you all your options. If you want to go to trial, go to trial and fight it.

"THE DEFENDANT: He doesn't believe in this case.

"THE COURT: It doesn't matter what he believes in. It matters what he does. Mr. Kaiser, do you have any problem trying the case?

"MR. KAISER: I've got a problem trying the case, Judge. I will say that we have a contentious relationship.

"THE COURT: I don't think that's going to change if I change lawyers. Do you think [a new attorney] isn't going to have a contentious relationship with [defendant]?

"MR. KAISER: I don't know the answer to that, Judge.

"THE COURT: I do. The motion is denied."

Approximately one week after the trial court denied defendant's motion, and less than two weeks before the scheduled trial date, defendant waived his 60-day trial right and his attorney requested a continuance for approximately one month to afford defendant time to retain private counsel and to allow the new attorney additional time to prepare for trial, investigate witnesses, and submit motions challenging the sufficiency of the search warrant. In the midst of multiple off-record discussions, defendant noted that he wanted to file his tax returns, that he was expecting money in the form of a refund, but that the return had not been filed at the time of the hearing. In support of the motion for a continuance, defendant's attorney argued primarily that the trial date had not previously been postponed and that more time was necessary to prepare for trial and investigate. During the remainder of the hearing, neither defendant nor his attorney provided further information about when defendant could expect to have the money to retain a private attorney or whether he had selected a particular attorney. The court denied the motion, noting:

"I understand that he gets the counsel of his choice. I don't have any problem with that. However, I hear *** it a lot and I see it rarely. I mean, it happens, but I don't know who he's going to hire. I don't know when he might have the money to do it. And if we postpone cases because somebody wants to hire a lawyer when they get some money at a date in the future, I mean, we just can't run our lives that way."

On the day of trial, defense counsel renewed defendant's motion and asked for time to locate an additional witness. The trial court again denied the motion. Defendant was convicted after a jury trial and sentenced to 80 months in prison. This timely appeal followed.

In defendant's first assignment of error, he contends that the court abused its discretion when it denied

his motion for a continuance to retain counsel of his choice. The state responds that, because defendant failed to demonstrate any ability to retain and pay for counsel and also failed to demonstrate any reason that the time allotted was insufficient to investigate the case, or how any additional investigation would have helped him at trial, the trial court acted within its discretion by denying defendant's motion for a continuance.

"Whether a denial of a continuance is improper depends on the particular circumstances of the case and the reasons presented to the court at the time the request is denied." *Licari*, 261 Or App at 808 (citing *State v. Hickey*, 79 Or App 200, 203, 717 P2d 1287 (1986)). Although a defendant's right to counsel "carries with it a right to counsel of one's choice," that right is tempered by the need for "orderly processes of justice." *State v. Zaha*, 44 Or App 103, 106, 605 P2d 306 (1980); *see also State v. Ferraro*, 264 Or App 271, 281, 331 P3d 1086 (2014) (summarizing principle). Thus, "[w]hen assessing a request for continuance to obtain new counsel, a trial court must balance a defendant's right to choice of counsel against the need of the public and of all defendants for expedition in the court system." *Hug*, 186 Or App at 572-73. Generally, a trial court does not abuse its discretion in denying a motion for continuance "'unless a defendant makes a specific showing of good cause.'" *State v. Fredinburg*, 257 Or App 473, 479, 308 P3d 208, *rev den*, 354 Or 490 (2013) (quoting *State v. Martinez*, 224 Or App 588, 592, 198 P3d 957 (2008), *rev den*, 346 Or 364 (2009)). "To exercise its discretion properly, the trial court must inquire into the nature and evaluate the merits of defendant's complaints." *State v. Keerins*, 145 Or App 491, 494, 932 P2d 65 (1996) (internal quotation marks omitted).

Here, defendant made multiple motions—requesting the appointment of a new attorney and later requesting continuances—ahead of trial. In the first instance, he requested the court appoint another attorney to him. After allowing defendant to state his complaints—in which defendant explained that he wanted a new attorney because Kaiser did not believe in his innocence, had advised him to take the plea deal, and that he and Kaiser had differing trial strategies—the trial court denied the motion finding

that defendant's concerns did not warrant appointing new counsel.

A court "may substitute one appointed counsel for another at any stage of the proceedings when the interests of justice require such substitution" but a defendant has "no right to have another court-appointed lawyer in the absence of a legitimate complaint concerning the one already appointed for him." *State v. Langley*, 314 Or 247, 257, 839 P2d 692 (1992), *adh'd to on recons*, 318 Or 28, 861 P2d 1012 (1993). At the time of defendant's first request, he did not need the court's permission to retain a private attorney, and, at that point, had sufficient time to retain a new lawyer with his own funds prior to trial. *See id.*

Here, the trial court made inquiries into defendant's complaints. The trial court's denial of the motion for continuance and statements to defendant and defense counsel indicate that it determined that defendant's complaints about his attorney did not justify appointment of new counsel. In the absence of "good cause," *i.e.*, a legitimate complaint about his attorney, the trial court's decision to deny defendant's motion for a continuance and substitution of attorney was within the range of legally permissible choices. Therefore, in that instance, the trial court did not abuse its discretion.

Defendant made two more motions requesting continuances, less than two weeks before trial and on the day of trial. In both instances, Kaiser represented to the court that defendant wanted to retain private counsel and that he needed additional time to prepare for trial and locate witnesses. Defendant indicated that he expected money from his anticipated tax refund, but also represented to the court that he had not yet filed the returns. Defendant also did not indicate any specific information about the amount of money that he expected to receive, and neither defendant nor his attorney provided information, in the face of the court's statements and inquiries, relating to when defendant could expect to receive the money. At its core, the court could regard defendant's assertions to the court, that he would receive an unspecified amount of money at some unknown point in the future, as nothing more than speculation.

Although defendant was entitled to the counsel of his choice, that right is not unlimited. *Zaha*, 44 Or App at 106. The trial court determined that defendant had not presented sufficient information to establish "good cause," and therefore, defendant's right to counsel of his choice was outweighed by the need for expeditious judicial administration. *Id.* at 106; *Hug*, 186 Or App at 572-73; *see also Martinez*, 224 Or App at 592-93 (concluding that the trial court's denial of the defendant's motion for continuance was not an abuse of discretion where the defendant "did not demonstrate that he lacked any opportunity to retain private counsel prior to the day of trial or that he had good cause for his failure to make a timely request for a continuance" (emphasis omitted)).

To the extent that defendant's arguments pertaining to his second and third motions for continuance were based on the need to locate witnesses and prepare for trial, we are not persuaded that the trial court abused its discretion. Defendant was required to offer more than an "abstract statement" regarding his need for the witnesses. "[I]f a defendant seeks a continuance to procure witnesses, he must show that the witnesses can be produced and if produced, they will testify to facts material to the defendant's case." *State v. Reese*, 25 Or App 231, 234-35, 548 P2d 998 (1976). Defendant did not do so here. *Cf. Ferraro*, 264 Or App at 284-85 (cautioning that in some instances, motion for continuance to investigate what witnesses will be necessary for defense will be sufficient).

Defendant's second request for a continuance, approximately two weeks before trial, was based on the need to locate witnesses and otherwise prepare for trial. He proffered no information about the witnesses' whereabouts, expectations for locating the witnesses, or how the witnesses' testimony was material to defendant's case as required by *Reese*. Defendant again reiterated his request on the day of trial, basing that request on his intention to obtain new counsel and the need for additional time to prepare for trial, thus indicating that no progress had been made in locating the witnesses or obtaining funds to retain private counsel. Based on the showings made by defendant in both instances, the trial court's decision was within the range of legally correct discretionary choices and produced a permissible,

legally correct outcome. The trial court did not abuse its discretion. *Hug*, 186 Or App at 572.

Affirmed.