Submitted March 21, reversed and remanded October 29, 2014

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BRENDA THOMAS,
*Defendant-Appellant.*

Josephine County Circuit Court
09CR0732; A150528

338 P3d 762

Peter Gartlan, Chief Defender, and Erica Herb, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Matthew J. Lysne, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Egan, Judge, and De Muniz, Senior Judge.

EGAN, J.

**EGAN, J.**

Defendant appeals a judgment of conviction for unlawful manufacture of marijuana, ORS 475.856, unlawful delivery of marijuana for consideration, ORS 476.860(2)(a), and unlawful possession of marijuana, ORS 475.864. She assigns error to the trial court's denial of her motion for continuance. We reverse and remand.

We review a trial court's denial of a motion for continuance for abuse of discretion. *State v. Wolfer*, 241 Or 15, 17, 403 P2d 715 (1965). If the trial court's decision "is within the range of legally correct choices and produces a permissible, legally correct outcome, then the trial court did not abuse its discretion." *State v. Martinez*, 224 Or App 588, 592, 198 P3d 957 (2008). However, in this context, "[t]o exercise its discretion properly, the trial court must inquire into the nature and evaluate the merits of defendant's complaints." *State v. Ringler*, 264 Or App 551, 556, 333 P3d 1080 (2014) (citing *State v. Keerins*, 145 Or App 491, 494, 932 P2d 65 (1996)). Additionally, we will not .overturn a denial of a defendant's motion for continuance unless the defendant demonstrates prejudice. *State v. Ferraro*, 264 Or App 271, 281, 331 P3d 1086 (2014).

The relevant facts, which are procedural and undisputed, relate to events that began five days before trial when defendant's attorney told the court that she was ready for trial. Three days before trial, defendant's attorney received an e-mail from the prosecutor stating that he would ask the court to advise several of defendant's witnesses of their constitutional right against self-incrimination. Two days before trial, defendant's attorney reassessed the case, and now recommended that defendant plead guilty. One day before trial, defendant obtained new counsel, who filed a motion for continuance that same day. That denial of that motion for continuance is at issue on appeal.

On the day of trial, the court held a hearing on the motion for continuance. Defendant noted that the state had moved for, and was granted, five continuances but that defendant had moved for, and was granted, only one. Yet, the hearing centered on the prosecutor's e-mail and its effect on defendant's original attorney. The record lacks sworn

testimony, but discloses that defendant's original attorney lost confidence in her ability to go to trial following the e-mail. At that hearing, defendant's new attorney described the position in which defendant found herself:

> "This was the message from the attorney to the client and that put her in a position I'm—I'll put my client on who will testify that that caused her to be put into [a position] where the attorney said she did not feel confident going to trial, she didn't know what was going to happen and the client asked her do you think that you can uh, represent me properly and she says I would rather not do that."

Additionally at that hearing, defendant's attorney stated that, though he had spoken with defendant's original attorney and had looked over her file, the original attorney had not yet handed over the file. Even so, in his motion and at the hearing, he identified several potential evidentiary issues that he believed had not been adequately addressed. In light of the last minute change in representation, defendant's attorney told the court that he was not prepared for trial and that he would need more time to prepare.

The court refused to take testimony from defendant, and when denying the defendant's motion, the court did not make findings regarding the credibility of defendant's assertions about her original attorney's unwillingness to go to trial. Instead, the court focused on the demands of judicial efficiency, stating,

> "[T]he main problem is that our docket has to have some meaning and it has absolutely no meaning if a [d]efendant on Wednesday says I want to go to trial and then the day before trial she switches attorneys and then the new attorney says I don't even have the—the file from the previous attorney, how can I go to trial? And it's just to maintain the integrity of our docket and of our docketing system[,] um, we're simply not going to allow a motion to continue trial the—the morning or the day before trial under these fact circumstances."

Referring to the prosecutor's e-mail, the court noted that it should come as no surprise that defendant's witnesses might be subject to prosecution. Defendant's attorney then attempted to withdraw, contending that it would be an ethical violation for him to proceed to trial. The court presented

defendant with three options: She could (1) re-engage her original attorney to represent her at trial that day, (2) proceed with her new attorney, or (3) represent herself. Defendant elected to continue to trial with her new attorney, and he did not withdraw. Following trial, a jury found defendant guilty on all counts.

On appeal, defendant argues that the trial court abused its discretion in denying her motion for continuance because defendant had good cause, rooted in circumstances beyond defendant's control, and the denial of the motion jeopardized her right to effective assistance of counsel. The state, on the other hand, contends that, because it was foreseeable that defendant's witnesses might be subject to prosecution, defendant did not have good cause for a continuance and the trial court did not abuse its discretion. We agree with defendant that the trial court abused its discretion.

We recently identified three guiding principles relating to a criminal defendant's right to effective assistance of counsel in the context of motions for continuance. *Ferraro*, 264 Or App at 281. First, a criminal defendant must have a reasonable opportunity to obtain counsel of the defendant's choice, but that right is balanced against the need to conclude cases in a timely manner. Thus, if obtaining counsel causes delay, one factor we consider is whether the circumstances surrounding delay were within defendant's control. *Id.* Second, the right to counsel includes a right to a reasonable amount of time to prepare a defense for trial. *Id.* Third, a criminal defendant has the right to present a defense at trial. *Id.* at 282. Our application of those principles to the question whether a denial of a continuance is an abuse of discretion depends on the particular facts of the case and the reasons presented to the court at the time the request was denied. *Id.* at 281.

A defendant's right to counsel is often in tension with the needs and constraints of the judicial process. In *State v. Zaha*, 44 Or App 103, 106, 605 P2d 306 (1980), the defendant's court-appointed attorney was unable to speak with the defendant because the defendant mistakenly believed that he was represented by another attorney. The trial court denied the defendant's motion for continuance

and we held that the trial court had abused its discretion because the circumstances that caused the mistake—namely, the Oregon State Correctional Institution's delay in forwarding the defendant's funds to his attorney—were beyond the defendant's control. *Id.* at 107. As a consequence of the mistake, the defendant's court-appointed attorney was unprepared for trial, placing the defendant's right to effective assistance of counsel in jeopardy. *Id.* at 107. Moreover, we noted that, despite the mistake, the defendant had made reasonable efforts to secure counsel before trial. *Id.*

In *Ferraro*, another case involving a rocky transition between lawyers, we explained that the delay was not defendant's fault and reversed the trial court's denial of the defendant's motion for continuance. 264 Or App at 282. There, the defendant's representation passed among several attorneys, each accepting and withdrawing as a result of either the defendant's disappearing assets, the defendant's dissatisfaction, an unnoticed conflict, or the lawyers' internal miscommunication. *Id.* at 273-78. On the day of trial, the defendant's ultimate lawyer moved for a continuance, and the trial court denied that motion. *Id.* at 278-80.

Similarly, in *State v Hickey*, 79 Or App 200, 717 P2d 1287 (1986), we reasoned that the defendant's attorney's unpreparedness was due to circumstances beyond the defendant's control because the defendant's attorney's briefcase was stolen the day before trial. We held that the trial court abused its discretion in denying the defendant's motion for continuance because the trial court, balancing judicial efficiency against the defendant's right to effective counsel, could not rightly conclude that efficiency was the weightier concern. *Id.* at 204.

But the need for judicial efficiency cannot be treated lightly even when it is in tension with a defendant's right to effective assistance of counsel. Consequently, when the circumstances that cause delay in obtaining counsel are within a defendant's control, it is within a trial court's discretion to deny a motion for continuance, even though the defendant's counsel may be underprepared. *State v. Makinson*, 174 Or App 544, 548, 27 P3d 1046, *rev den*, 332 Or 559 (2001). In *Makinson*, the defendant told his court-appointed attorney

two days before trial that he no longer wanted his services. The attorney asked the defendant to wait in his office while he spoke to the court about the change, but the defendant walked out and ignored requests to return. The defendant also had a discussion with a private attorney about representing him. The defendant told the attorney that he would get back to him, but he did not follow up. We held the trial court did not abuse its discretion in denying the defendant's request for a continuance. *Id*. An attorney's ability to prepare depends in part on a defendant's effort and choice. Thus, in *Makinson*, where the defendant controlled the circumstances and was dilatory, the needs of judicial process did not impair the defendant's right to effective assistance of counsel.

The question here is whether defendant was in control of the circumstances that led to delay in acquiring new counsel. The circumstances defendant faced were these: two days before trial, defendant's original attorney dramatically changed her assessment of the case because she had received the e-mail from the prosecutor. The prosecutor's e-mail stated that he would ask the court to advise several of defendant's witnesses of their right against self-incrimination. As the trial court noted in denying defendant's motion for continuance, the fact that testifying witnesses might be subject to prosecution should not have come as a surprise. Yet, the e-mail drastically changed defendant's attorney's assessment of the case, and that caused defendant to lose confidence in her attorney. On this record, we do not perceive that defendant was in control of the circumstances.

At the hearing on the motion for continuance, the court refused to take testimony from defendant regarding her interactions with her original attorney, and the court made no finding regarding the credibility of defendant's assertions about her original attorney's unwillingness to go to trial. Instead, the court focused on the demands of judicial efficiency. But to exercise its discretion properly, the trial court must inquire into the nature and evaluate the merits of defendant's complaints. *Ringler*, 264 Or App at 556.

When conflicts arise between a lawyer and a defendant, courts have the discretion to determine the credibility

of those conflicts. In *State v. Fredinburg*, 257 Or App 473, 308 P3d 208, *rev den*, 354 Or 490 (2013), an attorney asserted that his relationship with the defendant was "broken," made a motion to withdraw, and moved for a continuance to allow the defendant's new attorney time to prepare. *Id.* at 474. However, the trial court found the attorney's assertion was not credible. *Id.* at 480. Thus, we held that the trial court did not abuse its discretion in denying the motion because the court had evaluated the merits of the defendant's complaint. *Id.*

Similarly in *Ringler*, the defendant moved for continuance and, at the hearing on the motion, asserted that his attorney did not "believe in [him]." 264 Or App at 553. When the court asked the defendant's attorney about his willingness to go to trial, the attorney stated, "I've got a problem trying the case, Judge. I will say that we have a contentious relationship." The court replied, "I don't think that's going to change if I change lawyers," and denied the defendant's motion. *Id.* at 555. We held that, because the trial court determined that the defendant did not have a legitimate complaint about his attorney, the court did not abuse its discretion in denying defendant's motion. *Id.* at 557.

Here, in contrast to *Fredinburg*, the court did not find that defendant's assertion was unbelievable. And, in contrast to *Ringler*, the trial court did not find that defendant's complaint was illegitimate. Instead, the court focused on the needs of judicial efficiency, when defendant's complaint was that, two days before trial, defendant's attorney informed defendant that she was no longer confident going to trial in light of information that should have been apparent at the outset of the case. The trial court's focus on judicial efficiency does not meet the requirement that the court inquire into the nature and evaluate the merits of defendant's complaints. *Ringler*, 264 Or App at 556.

The state argues that it is foreseeable that witnesses may not testify if their testimony would be incriminating. That may be the case. But in light of defendant's right to effective assistance of counsel, the question here is whether defendant was in control of the circumstances

that caused delay. On the basis of defendant's undisputed description of those circumstances, we hold that defendant was not in control of the circumstances that caused delay. Moreover, defendant was not dilatory; she was prompt. As soon as her original attorney informed her that she was no longer comfortable going to trial, defendant reacted, obtaining new counsel the next day.

Defendant wanted a trial. She has the right to effective assistance of counsel at that trial, and the right to counsel includes a right to a reasonable amount of time to prepare a defense for trial. *Ferraro*, 264 Or App at 281. Yet, at the hearing on the motion for continuance, defendant's attorney—who had assumed representation two days before trial—told the trial court that he was unprepared and that he had not yet received the case file from the original attorney, and he identified potential evidentiary issues that he believed were inadequately addressed by defendant's original attorney. As far as showing that the defendant was prejudiced by the denial of the continuance, we point to those same facts.

Defendant's right to effective assistance of counsel, here, outweighed the needs of efficient judicial process. *See Hickey*, 79 Or App at 204 (balancing a criminal defendant's right to counsel against efficient judicial process). Thus, the trial court abused its discretion in denying defendant's motion for continuance.

Reversed and remanded.