Argued and submitted June 2, affirmed October 13, 2021, petition for review denied February 24, 2022 (369 Or 338)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

WILLIE JAMES WALKER,
aka Willie J. Walker,
*Defendant-Appellant.*

Jackson County Circuit Court
17CR52539; A172316

496 P3d 1140

Lisa C. Greif, Judge.

Zachary Lovett Mazer, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Daniel Norris, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Defendant appeals a judgment of conviction for three counts of unlawful delivery of methamphetamine, ORS 475.890; one count of unlawful delivery of cocaine, ORS 475.880; and one count of felon in possession of body armor, ORS 166.642. We affirm.

In his first assignment of error, defendant contends that the trial court erred by granting the state's motion for a continuance. We review for abuse of discretion. *State v. Thomas*, 266 Or App 642, 643, 338 P3d 762 (2014). Here, having reviewed the record of the proceedings, we are not persuaded that the trial court abused its discretion in granting the state's motion under the particular circumstances that presented themselves.[1]

In his second assignment of error, defendant contends that the evidence was not sufficient to support his conviction for delivery of methamphetamine on Count 1. We conclude otherwise that the evidence was legally sufficient to allow a reasonable factfinder to find defendant guilty on that count.

Affirmed.

---

[1] In addition, we observe that defendant has not identified any harm flowing from the grant of the motion. He does not contend that the continuance resulted in the violation of his speedy trial rights, that, absent a continuance, he would have been entitled to dismissal of the charges, or that the grant of the continuance prejudiced his ability to present a defense in some way. Absent identifiable prejudice of some form, an error in granting a continuance would not provide grounds for reversal. *See, e.g.*, *State v. Morris*, 288 Or App 364, 371-72, 404 P3d 951 (2017) (error must prejudice a defendant's substantial right to warrant reversal).