Submitted August 1, affirmed October 19, 2022, petition for review denied February 9, 2023 (370 Or 740)

In the Matter of J. J. E. M.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

T. S. M.,
*Appellant.*

Lane County Circuit Court
19JU01432; A177935

519 P3d 897

Father appeals a permanency judgment in which the juvenile court continued child's permanency plan of adoption and substitute care. Father contends that the juvenile court violated his right to participate in the hearing under ORS 419B.875(2) when it muted his microphone for portions of the hearing. The juvenile court explained that father's continuous speech prevented others from hearing the court and that father could litigate his concerns in the future. *Held*: The juvenile court did not err. Because father appeared, was given the opportunity to address the juvenile court, and did so, father participated in the hearing.

Affirmed.

Bradley A. Cascagnette, Judge.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Sean K. Connor, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

In this juvenile dependency case, father appeals a permanency judgment in which the juvenile court continued child's permanency plan of adoption and substitute care. On appeal, father's single assignment of error contends that the juvenile court violated his right under ORS 419B.875(2) to participate in the dependency hearing when the juvenile court muted his microphone for portions of the hearing. For the following reasons, we affirm.

"We review the meaning of the rights conferred by ORS 419B.875(2) as a matter of law ***." *Dept. of Human Services v. A. E. R.*, 278 Or App 399, 404, 374 P3d 1018 (2016). Under ORS 419B.875(2)(c), a party to a dependency proceeding has the right to participate in hearings. In addition, a party has "the right to testify in the party's own behalf." *Dept. of Human Services v. D. J.*, 259 Or App 638, 643, 314 P3d 998 (2013). If a party wishes to testify, "[p]articipating in a hearing solely through counsel cannot substitute for participating as a witness ***." *A. E. R.*, 278 Or App at 404 (quoting *D. J.*, 259 Or App at 644).

That said, a party does not have an unlimited right to participate in a court hearing in whatever way they wish. The juvenile court retains the power "[t]o provide for the orderly conduct of proceedings before it ***." ORS 1.010(3). Importantly, a court has "explicit and inherent power to control the trial of the case." *State v. Mains*, 295 Or 640, 656, 669 P2d 1112 (1983) (listing "many approved actions a trial judge may undertake to conduct a proper, expeditious and just trial"). We review the juvenile court's "actions to control the proceedings before it for abuse of discretion." *State v. Landon*, 283 Or App 131, 132, 388 P3d 1157 (2016).

With those legal rules as our framework, we turn to the facts of this case. In January 2022, the juvenile court held a permanency hearing in which the Department of Human Services (DHS) asked the court to continue child's plan of adoption and substitute care. Father appeared by telephone and made two objections while DHS addressed the court. The juvenile court told father he would have an opportunity to speak later in the hearing and that father's counsel would make objections for him.

After explaining that the topic of the hearing was child's continued placement, the juvenile court invited father to speak. Father stated he had numerous concerns, including a prior hearing when his microphone was muted, federal law violations, and a forged signature. Although the juvenile court made four attempts to interject, father continued to speak. After calling on father's counsel and DHS and receiving no response, the juvenile court determined that the parties could not hear the court and muted father's microphone. The juvenile court explained that it had repeatedly asked father to be quiet and that father's continuous speech prevented others from hearing the court. The juvenile court reminded father that father could litigate his concerns in the future and invited him to speak about child's placement. Father stated that the foster parents had not taken proper care of child. The juvenile court thanked father and, after father made an indiscernible remark about DHS' counsel, muted father's microphone again.

In his sole assignment of error, father contends that the juvenile court denied him the right to participate in the hearing by muting his microphone. DHS argues that father participated in the hearing and that the juvenile court appropriately exercised its discretion.[1] We agree. The juvenile court did not deprive father of his right to participate in the dependency hearing. The juvenile court had the authority to maintain orderly conduct and did not mute father's microphone until father's comments prevented the court from communicating with the participants. Moreover, after explaining why father's microphone was muted, the juvenile court again invited father to comment on child's placement. Because father appeared, was given the opportunity to address the juvenile court, and did so, father participated in the hearing. Therefore, the juvenile court did not err.

Affirmed.

---

[1] DHS also contends that father did not preserve the argument he raises on appeal. Father represented that his microphone was muted at a prior hearing and wanted to address that hearing and other issues at the permanency hearing. We observe that the juvenile court instructed father to limit his remarks to child's placement and muted father's microphone after he made those remarks. In any event, we conclude father adequately preserved his argument.