No. 501　　　　　July 17, 2024　　　　　823

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Andrew ANDERSON,
an individual,
*Plaintiff-Appellant,*

*v.*

Charlene COHEN,
an individual,
*Defendant-Respondent.*

Deschutes County Circuit Court
21CV28248; A179355

Walter Randolph Miller, Jr., Judge.

Argued and submitted June 3, 2024.

Andrew Anderson argued the cause and filed the briefs *pro se.*

Caroline Hopkins argued the cause for respondent. Also on the brief were Karin L. Schaffer and Wood, Smith, Henning & Berman, LLP.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

In this civil suit, plaintiff seeks reversal of the trial court's judgment dismissing his claims for breach of fiduciary duty and negligence for failure to state a claim. Plaintiff raises seven assignments of error. We affirm.

In his first assignment of error,[1] plaintiff contends that the trial court was required to grant his request for a "new hearing with oral arguments" on his objections to a proposed order filed by defendant. *See* UTCR 5.050(1) (2021) ("There must be oral argument if requested by the moving party in the caption of the motion or by a responding party in the caption of a response."). Despite its mandatory language, UTCR 5.050(1) (2021) does not necessarily require a court to hold multiple hearings and provide multiple opportunities for oral argument on a motion. *Page v. Parsons*, 249 Or App 445, 459, 277 P3d 609 (2012). Additionally, plaintiff's request was not to argue for or against a motion, which UTCR 5.050(1) (2021) contemplates, but rather to argue his objections to the order proposed by defendant. *See* UTCR 5.050(1) (2021) (Oral argument is "requested by the moving party in the caption of the *motion* or by a responding party in the caption of a response." (Emphasis added.)). Because the trial court was not required to allow oral argument in that posture, we reject plaintiff's first assignment of error.

In his second through sixth assignments of error, plaintiff contends that the court erred in not granting a continuance for the hearing on defendant's motion to dismiss. We "review a trial court's denial of a motion for continuance for abuse of discretion." *State v. Thomas*, 266 Or App 642, 643, 338 P3d 762 (2014). "If the trial court's decision is within the range of legally correct choices and produces a permissible, legally correct outcome, then the trial court did not abuse its discretion." *Id.* (internal quotations marks omitted). Whether a denial was improper "depends on the particular facts of the case and the reasons presented to the court at the time the request was denied." *Id.* at 645. And we "will not overturn a denial of a \*\*\* motion for continuance unless" the party demonstrates prejudice. *Id* at 643.

---

[1] Defendant argues that plaintiff did not preserve this argument; however, we assume, without deciding, that plaintiff's argument was preserved.

At the hearing on defendant's motion to dismiss, plaintiff advanced four arguments in support of a continuance, which he renews on appeal. First, plaintiff argues that he did not receive notice of the hearing and, therefore, he was unable to call witnesses or present evidence. Although it is concerning that plaintiff, an adult in custody, may not have received notice of the hearing, he is unable to demonstrate prejudice. Plaintiff filed a response to defendant's motion, so he was aware of defendant's legal arguments and indeed had responded to them before the hearing. Moreover, when deciding a motion to dismiss for failure to state a claim, a court "assume[s] that all well-pleaded facts are true and give[s] plaintiff the benefit of all favorable inferences that reasonably may be drawn from those factual allegations." *Piazza v. Kellim*, 360 Or 58, 61, 377 P3d 492 (2016). That is not a situation where plaintiff needed to subpoena witnesses or marshal evidence. Accordingly, we reject plaintiff's first argument.

In his second argument, plaintiff contends that a continuance was required because he never received defendant's reply brief. It is, again, concerning if plaintiff did not receive defendant's reply brief. However, as the trial court reasoned, there was no prejudice, because defendant's reply brief did not contain any new substantive arguments-only an objection to plaintiff's answering brief and a reiteration of defendant's arguments from her opening brief. The trial court explained its reasons for denying the continuance, which were "within the range of legally correct choices and" permissible outcomes. *State v. Stull*, 281 Or App 662, 666, 386 P3d 122 (2016), *rev den*, 360 Or 752 (2017).

In his third argument, plaintiff contends that a continuance was required because he did not have an attorney. However, plaintiff was aware that his second attorney withdrew forty-five days before the hearing, and he never attempted to hire a new attorney or notify the court that he was attempting to do so. *Cf. A. D. L. and Lane*, 325 Or App 355, 362, 529 P3d 294 (2023) (explaining that the trial court abused its discretion in not allowing husband's continuance because husband "had moved very quickly to find a new attorney when his former attorney withdrew, had found an

attorney who was willing to represent him if the trial was pushed out 30 days, and moved immediately for a 30-day postponement"). Given those circumstances, the trial court did not abuse its discretion.

Lastly, plaintiff asserts that a continuance was required so that he could consult with his criminal defense attorney to discuss his concerns about self-incrimination. That concern stems from the fact that plaintiff's criminal defense attorney had advised him to assert the privilege against self-incrimination where appropriate in a pending dissolution trial. However, once again, plaintiff is not able to demonstrate prejudice, because his criminal and dissolution cases had no bearing on this civil case alleging that defendant was negligent and breached her fiduciary duty to plaintiff. Moreover, as noted, the hearing was about the legal sufficiency of those allegations and did not involve witness testimony. Accordingly, we conclude that there was no abuse of discretion in denying a continuance and we reject plaintiff's second through sixth assignments of error.

In his seventh assignment of error, plaintiff argues that the trial court denied his "right to be heard" by muting him towards the end of the hearing.[2] *State v. Landon*, 283 Or App 131, 132, 388 P3d 1157 (2016) (reviewing "a trial court's actions to control the proceedings before it for abuse of discretion"). That argument is unavailing, because plaintiff spoke and argued his positions throughout the hearing; he was only muted briefly to allow the trial court to finish delivering its ruling. As such, once again, there was no prejudice, and the trial court did not abuse its discretion. *See Dept. of Human Services v. T. S. M*, 322 Or App 424, 426, 519 P3d 897 (2022), *rev den*, 370 Or 740 (2023) (explaining that the court did not abuse its discretion because it "had the authority to maintain orderly conduct and did not mute father's microphone until father's comments prevented the court from communicating with the participants").

Affirmed.

---

[2] We assume, without deciding, that plaintiff's argument was preserved.